```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| KRISTAL MADRID, individually, and as Personal Representative of the Estate of PEDRO MADRID, <br><br>   Plaintiff, <br><br>   v. <br><br> CITY OF FRESNO, a municipal corporation; JERRY DYER, in his capacity as Chief of Police for the CITY OF FRESNO; DOES 1-100, individually and in their official capacities as police officers for the CITY OF FRESNO, <br><br>   Defendants. | 1:08-cv-0098 OWW SMS <br><br> SCHEDULING CONFERENCE ORDER <br><br> Discovery Cut-Off: 7/1/09 <br><br> Non-Dispositive Motion Filing Deadline: 7/15/09 <br><br> Dispositive Motion Filing Deadline: 7/31/09 <br><br> Settlement Conference Date: 7/14/09 10:00 Ctrm. 7 <br><br> Pre-Trial Conference Date: 10/13/09 11:00 Ctrm. 3 <br><br> Trial Date: 11/17/09 9:00 Ctrm. 3 (JT-12 days) |

I.  Date of Scheduling Conference.

   April 23, 2008.

II.  Appearances Of Counsel.

   Law Offices of John L. Burris by Benjamin Nisenbaum, Esq., appeared on behalf of Plaintiff.

   Manning & Marder and Kass, Ellrod, Ramirez LLP by Mildred K. O'Linn, Esq., appeared on behalf of Defendants.

///

1

**III.   Summary of Pleadings.**

1.     Decedent Pedro Madrid was stopped by several Fresno Police Department Officer Does shortly after midnight on January 9, 2007, at Kern and F Streets in the City of Fresno. Decedent was allegedly barefoot and carrying his shoes when the Defendant Officer Does stopped him.

2.     According to published accounts in the Fresno Bee, Decedent allegedly told the Officers that he had used methamphetamine, and the Defendant Officer Does believed that Decedent appeared to be under the influence of narcotics. Decedent then allegedly fled across Highway 99, where he was detained by several other Defendant Officer Does who were waiting for him. One or more Defendant Officer Does applied their Taser stun-guns to Decedent multiple times.

3.     Decedent was reportedly subdued and handcuffed following multiple Taser applications, then suddenly collapsed and stopped breathing. Paramedics responded to the scene and transported Decedent to University Medical Center, where Decedent was placed on life support. Decedent died on January 12, 2007.

4.     Plaintiff alleges that Decedent's death was a result of excessive force applied against him by Defendant Officer Does.

5.     Plaintiff further alleges that Defendant Officer Does misused the Taser stun-gun, and at the time of the subject incident were on notice of potentially life threatening complications associated with prolonged exposure to the Taser stun-gun. A product warning bulletin issued by Taser International on August 28, 2006, directed to law enforcement personnel, specifically warned against repeated or prolonged

2

exposure to the Taser electrical discharge.  In spite of such notice, Plaintiff alleges that Decedent was improperly and unreasonably exposed to multiple and/or prolonged applications of the Taser electrical discharge.

6. Plaintiff, who is the daughter of Decedent, seeks damages for the wrongful death of her father, punitive damages against the individual Defendant Officers, injunctive relief regarding policies surrounding the use of the Taser stun-gun and the use of force, statutory penalties pursuant to California Civil Code §§ 51.7 and 52.1, costs of suit, and attorney's fees pursuant to 42 U.S.C. § 1988.

**Defendant's Contentions**.

7. Defendants contend that Pedro Madrid was under the influence of controlled substances, and was not responsive to verbal commands of the law enforcement officers who arrived at the scene.  He was a danger to himself and others, as evidenced by his actions during his contact with the officers.  Mr. Madrid first fled the officers, and then became combative with another set of law enforcement officers, who worked to subdue him without using their guns and without either injuring Mr. Madrid or becoming injured themselves.  During the course of the struggle, one of the Officers used a Taser.

8. After Mr. Madrid was subdued, he went into respiratory distress, and paramedics were called to the scene.  The paramedics transported Mr. Madrid to the hospital, but he later died at the hospital.

9. Defendants contend that the use of force against Mr. Madrid was not unreasonable, and that the individual Officers who

3

encountered Mr. Madrid acted reasonably at all times, while Mr. Madrid unlawfully resisted arrest and fled from the officers. Mr. Madrid's actions, particularly ingesting controlled substances, were the proximate cause of his death, and that he made no effort to control his actions or protect himself from the consequences of his drug use. Plaintiffs, therefore, are not entitled to recover any amount from Defendants.

IV.   Orders Re Amendments To Pleadings.

   1.   Prior to filing suit, Plaintiff's counsel requested copies of the police report, which was denied to Plaintiff and Plaintiff's counsel. Following initial disclosures, Plaintiff anticipates amending the complaint to state the names and identities of the individual Defendant Officers who were integral participants in the use of excessive force and/or negligence against Decedent that caused Decedent's death. Defendants contend that Plaintiff may have to amend the complaint to add other required parties, Fed. R. Civ. P. 19, unless she is able to prove that she is the only heir to Mr. Madrid.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   Pedro Madrid, the Decedent in this case, is represented by Kristal Madrid. Defendant will confirm the representative capacity of Kristal Madrid which presently is unknown.

      2.   The incident subject of the case occurred shortly after midnight on or about January 9, 2007.

      3.   The parties believe that the incident commenced in

4

the vicinity of Kern and F Streets in the City of Fresno.

  4. The Decedent interacted with on-duty Officers of the Fresno Police Department.

  5. At some time during or following the interaction, Decedent died.

  6. The City of Fresno is a municipal corporation formed and existing under the laws of the State of California.

  7. At all times alleged in the Complaint, Defendant Jerry Dyer was the Chief of Police for the City of Fresno.

 B. Contested Facts.

  1. The manner, extent, and reasonableness of the use of force against Decedent.

  2. The factual basis justifying the detention and use of force against Decedent.

  3. The cause of Decedent's death.

  4. The extent of Plaintiff's damages.

  5. Whether Plaintiff is the sole heir to Pedro Madrid, or if other heirs should be joined as required parties.

  6. Whether Mr. Madrid was a threat to himself and others at the time he fled from law enforcement officers.

  7. All remaining facts are contested.

VI. Legal Issues.

 A. Uncontested.

  1. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

  2. Venue is proper under 28 U.S.C. § 1391.

  3. As to supplemental claims, the parties agree that the substantive law of the State of California provides the rule

of decision.

    B.    Contested.

        1.    Whether Defendant Officers violated Plaintiff's or Decedent's civil rights.

        2.    Whether Defendants were negligent.

        3.    Whether there was legal cause to detain or arrest Decedent.

        4.    Whether the Officers are entitled to qualified immunity.

        5.    Whether there can be any liability against the City under <u>Monell</u>.

        6.    Whether any of the Defendant Officers' alleged misconduct toward Plaintiffs proximately caused injuries and damages to Plaintiffs.

        7.    Whether Mr. Madrid's own actions, particularly his ingestion of controlled substances were the proximate cause of his death.

        8.    Whether the individual Defendants are protected by state law immunities.

        9.    Whether Mr. Madrid had a duty to refrain from resisting arrest.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the

party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties are ordered to complete all discovery on or before July 1, 2009.

    2.   The parties are directed to disclose all expert witnesses, in writing, on or before May 1, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before June 1, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before July 15, 2009, and heard on August 21, 2009, at 9:00 a.m. before Magistrate Judge

Sandra M. Snyder in Courtroom 7.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than July 31, 2009, and will be heard on September 8, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

1.   October 13, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

1.   November 17, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   This is a jury trial.

```
 1           3.   Counsels' Estimate Of Trial Time:
 2                a.   12 days.
 3           4.   Counsels' attention is directed to Local Rules
 4  of Practice for the Eastern District of California, Rule 285.
 5  XIII.   Settlement Conference.
 6           1.   A Settlement Conference is scheduled for July 14, 2009,
 7  at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M.
 8  Snyder, United States Magistrate Judge.
 9           2.   Unless otherwise permitted in advance by the
10  Court, the attorneys who will try the case shall appear at the
11  Settlement Conference with the parties and the person or persons
12  having full authority to negotiate and settle the case on any
13  terms at the conference.
14           3.   Permission for a party [not attorney] to attend
15  by telephone may be granted upon request, by letter, with a copy
16  to the other parties, if the party [not attorney] lives and works
17  outside the Eastern District of California, and attendance in
18  person would constitute a hardship.  If telephone attendance is
19  allowed, the party must be immediately available throughout the
20  conference until excused regardless of time zone differences.
21  Any other special arrangements desired in cases where settlement
22  authority rests with a governing body, shall also be proposed in
23  advance by letter copied to all other parties.
24           4.   Confidential Settlement Conference Statement.
25  At least five (5) days prior to the Settlement Conference the
26  parties shall submit, directly to the Magistrate Judge's
27  chambers, a confidential settlement conference statement.  The
28  statement should not be filed with the Clerk of the Court nor
```

served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5. The Confidential Settlement Conference Statement shall include the following:

        a. A brief statement of the facts of the case.

        b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c. A summary of the proceedings to date.

        d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e. The relief sought.

        f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. The issue of bifurcation will be addressed, if necessary, by motion.  The Court's practice is to try the issue of the amount of punitive damages, if any, in a separate phase before the same jury.

**XV. Related Matters Pending.**

1. There are no related matters.

**XVI. Compliance With Federal Procedure.**

1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVII. Effect Of This Order.**

1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///
///
///
///

        3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   April 23, 2008                       /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE