Mildred K. O'Linn, Esq. (State Bar No. 159055)
Timothy J. Kral, Esq. (State Bar No. 200919)
Tony M. Sain (State Bar No. 251626)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com and tjk@mmker.com and tms@mmker.com

Attorneys for Defendants,
CITY OF FRESNO and JERRY DYER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL MADRID, individually, and as Personal Representative of the Estate of PEDRO MADRID, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a municipal corporation; JERRY DYER, in his capacity as Chief of Police for the CITY OF FRESNO; DOES 1-100, individually and in their official capacities as police officers for the CITY OF FRESNO, <br><br> Defendants. <br> _____ | Case No.: <br> 1: 08-cv-00098-OWW-SMS <br><br> [*Hon. Sandra M. Snyder, Magistrate Judge*] <br><br> **STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND ORDER** |

**TO THE HONORABLE COURT**:

Pursuant to Federal Rule of Civil Procedure 26(c), the parties in the above-entitled action, by and through their attorneys of record, hereby Stipulate to the following Protective Order regarding the production of documents, records, and tangible things during the discovery phase of this action:

**GOOD CAUSE STATEMENT**.

1.   The Internal Affairs Division of the CITY OF FRESNO Police Department (hereinafter as the "Police Department") has the responsibility for

conducting internal affairs investigations and maintaining documents related to internal affairs investigations. Internal affairs investigation files become part of the subject officer's personnel file. Defendants contend that individual officers have an interest in protecting their own privacy rights relating to investigations and other information in their personnel files. Defendants further contend that investigations and information in personnel files affect their ability to remain employed, to transfer to other police agencies, or to become employed as law enforcement officers again in the future. Finally, Defendants contend that random and uncontrolled dissemination of internal affairs investigation files could greatly harm police officers who serve the citizens of the CITY OF FRESNO (hereafter "City"). Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

2.  The Police Department does not routinely share information contained in internal affairs or other investigations about its employees, or other information contained in personnel or internal affairs files unless ordered to by a court of jurisdiction. Within the Police Department, access to personnel and internal affairs files, is restricted to those on a "need to know" basis. Controlled access to the files is regarded by the Police Department as essential in order to assure the integrity and security of such files. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

3.  Defendants contend that uncontrolled disclosure of information gathered during a Internal Affairs Division investigation, and internal affairs investigation case file information generally, can disrupt the vital, day-to-day operations of the Police Department, erode the integrity and security of the files, affect the morale of Police Department personnel, and frustrate the legitimate purposes of gathering the information in these files. Plaintiffs disagree with these contentions.

4.  Police personnel records are deemed confidential by federal decisional law. *Sanchez v. Santa Ana Police Department*, 936 F.2d 1027, 1033-34 (9th Cir. 1990). Defendants contend that police personnel files and internal affairs

investigation files include information which is both personal in nature and which could potentially impact the liberty interests of the involved police officers named within those files. Defendants further contend that unfettered release of internal affairs investigation files has the potential for untold negative results. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

    5.    Defendants contend that information contained in an internal affairs investigation case file is gathered and maintained in confidence by the Police Department. The information gathered in these case files includes the statements of third party witnesses that were collected in confidence. Witnesses are told that the confidentiality of their statements will be protected and that they are for the confidential use of the Police Department. These files often contain embarrassing facts. At a minimum, Defendants believe that uncontrolled release of the case file would cause a needless intrusion of privacy rights. The ability to collect third party witness statements in confidence is essential in order to have honest and open discussions. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

    6.    Defendants contend that internal affairs investigation files are reviewed by appropriate command officers in the Police Department for several reasons: (1) to determine whether the involved officers violated any Police Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if Police Department policies and procedures in areas such as supervision, training, and tactics should be modified. Defendants believe that internal affairs investigation files are an essential instrument that the Police Department uses to conduct a careful, critical self-evaluation, so that it may better serve the citizens of the City. Honest and candid analysis and discussion is necessary to determine whether errors were committed and to prevent further mistakes, if any are discovered. Widespread dissemination of internal affairs files may discourage frank discussions about internal matters in the future and may

prevent remedial measures. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

7. Defendants contend that the Police Department's ability to engage in critical self-analysis will be greatly inhibited by random and uncontrolled release of information from internal affairs investigation files. It is not unusual that statements made to officers assigned to the Internal Affairs Division include those that are against the self-interest of the interviewed witnesses – often against the penal interests of those involved as statements given could lead to criminal liability. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

8. Defendants further contend that police officers do not have the same rights as the typical citizen when submitting to an internal affairs investigation interview. Though police officers may invoke their 5th Amendment right against self-incrimination, they are compelled under *Lybarger* to give a statement in order to remain employed. The Internal Affairs Division informs officers that they must cooperate in the investigation and that a failure to cooperate will subject them to discipline, up to and including discharge from office. California law authorizes this procedure and prevents statements so obtained from being used in any subsequent criminal proceeding. Defendants contend that it is contrary to the principles of fundamental fairness to allow unfettered release of internal affairs investigation case files when an officer's statement has been compelled, especially when the plaintiff is not requesting this type of release. Unfettered exposure of information in internal affairs investigation files could threaten the safety and well-being of the individuals who provide information, as well as the safety and well-being of their families and their associates. Plaintiffs disagree with these contentions and in no way concede to any of these arguments.

9. Though plaintiffs may be entitled to examine the information in select files for the purposes of plaintiffs' own personal lawsuit(s), there is no other valid

reason to have a copy of the file, and Defendants contend that a protective order is necessary to prevent random distribution of such information.  This Stipulation and [Proposed] Protective Order also requires each plaintiffs to this action to return the documents at the conclusion of this lawsuit.  Defendants believe this requirement ensures that the intrusion into the privacy and employment rights of those involved is limited to the particular case in which the facts are relevant.

    10.    Defendants contend that the interest in having critical self-analysis held by the citizens of the City far outweighs plaintiffs' interest, if any, in an uncontrolled release.  Plaintiffs disagree with these contentions and in no way concedes to any of these arguments.  Plaintiffs, through plaintiffs' counsel, has executed this Stipulation and [Proposed] Protective Order, and is therefore *not* requesting this type of release.  Accordingly, in this above-titled case, Defendants respectfully request the procedural protections listed below.

## **STIPULATION AND PROTECTIVE ORDER.**

    11.    The parties, in the production or disclosure of documents, records, or tangible things in this case (hereafter"documents") may designate certain documents as "Confidential" (collectively hereafter as "Confidential Documents").

    12.    The parties may designate documents as Confidential Documents either by marking the individual documents as being "Confidential," or by enclosing with the documents such party intends to be treated as Confidential Documents hereunder written disclosures or discovery responses or correspondence identifying the enclosed documents as "Confidential," or by enclosing a copy of this Stipulation and Protective Order with the documents such party intends to be treated as Confidential Documents hereunder.  The preferred method of designating documents as Confidential Documents is to employ all of the aforementioned means of designation, but such is not required hereunder.  Hereafter, a party who has designated documents as Confidential Documents shall be referred to as the "producing-disclosing party [or counsel]" and the party to whom such documents are

produced or disclosed shall be referred to as the "recipient party [or counsel]."

13.   Attorneys for the parties to the above entitled action shall personally secure and maintain the confidentiality of any and all Confidential Documents in their possession, and shall ensure that such Confidential Documents are used only for the purposes set forth below, and for no other purpose.

14.   Confidential Documents shall be used only in preparation for the above entitled action, up to and including the completion of judicial proceedings, as well as any appellate phase of this action, and *not* for any other purpose, including any other litigation, and may *not* be disclosed or disseminated to any other persons, including to any other counsel other than as set forth in this Stipulation for Entry of Protective Order.

15.   By entering into this Stipulation for Entry of Protective Order, each party waives any objections such party might have to the introduction into evidence, at the time of trial, of Confidential Documents that have been produced or disclosed by such party.

16.   This Stipulation for Entry of Protective Order shall not be construed as a waiver by any defendant of any objection, on any basis, related to documents that have not yet been produced or disclosed by that defendant, including but not limited to objections pursuant to the California Government Code, California Evidence Code, California Penal Code, the Official Records privilege, the federal Official Information Privilege, the federal Executive Deliberative Process Privilege, or the right to Privacy under the United States Constitution, the California Constitution, or any other applicable state or federal authority.

17.   This Stipulation for Entry of Protective Order shall not be construed as a stipulation by any plaintiff that any privilege asserted by any defendant regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, all plaintiffs, by and through their undersigned counsel, agree to abide by the terms of this Stipulation and Protective Order and to

maintain such documents' confidentiality pursuant to the terms of such order.

18.   Confidential Documents produced or disclosed shall be in the sole custody of recipient counsel, who shall be prohibited from releasing or disseminating, to any other persons - including but not limited to legal counsel - any or all such Confidential Documents produced or disclosed, except as specifically delineated in this Stipulation for Entry of Protective Order.

19.   Recipient counsel may make copies of Confidential Documents produced or disclosed to them by producing-disclosing counsel, but shall likewise be prohibited from releasing or disseminating such copies other than as set forth in this Stipulation for Entry of Protective Order.

20.   Confidential Documents may be submitted in all law and motion proceedings up to the commencement of trial if done so pursuant to Local Rule 79-5 and 79-5.1 which states:

> Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court.  Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.  Conformed copies need not be placed in sealed envelopes.  Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing.

The parties agree to seek guidance from the Court at the time of trial regarding the procedure for lodging or filing of these documents under seal should plaintiff seek to submit or use the documents identified in Paragraph 1 as exhibits. Though this Stipulation and [Proposed] Protective Order does not apply to the handling of documents as exhibits after the commencement of trial, plaintiffs agree not to file or lodge the documents with the Court until the guidance from the Court on this issue is obtained.

21.     Notwithstanding the procedure set for in paragraph 10 above, the parties agree to meet and confer regarding the confidentiality of documents, and the necessity for filing such documents under seal, prior to any motion(s) or other filings that may otherwise require the use or attachment of Confidential Documents.  Within ten (10) days of service upon plaintiff(s) of any defendant's dispositive motion(s), plaintiff(s) will notify the defendants of any document(s) that plaintiff(s) intend(s) to file in response to such dispositive motion filed by defendant(s).  Should any defendant(s) dispute whether the document(s) is/are legitimately responsive to such dispositive motion(s), within ten (10) days of such notice by plaintiffs, defendant(s) shall seek guidance from the Court as to whether such documents should be filed under seal.  In such an event, the parties agree to continue the hearing date of such dispositive motion for a sufficient time to allow the Court to determine the issue of whether such document(s) should be filed under seal.

22.     All disputes regarding this Stipulation and Protective Order shall be handled pursuant to United States District Court, Central District of California Local Rule 37-1 *et seq*.  Recipient counsel will advise producing-disclosing counsel if they believe that any document(s) designated as Confidential Documents pursuant to this Stipulation and Order do(es) not warrant such designation.  The parties will attempt to resolve the issue pursuant to Local Rule 37-1 before submitting the issue to the Court.  However, the parties will continue to treat the document(s) at issue as confidential and subject to this Stipulation and Protective Order until the Court rules upon the dispute.

23.     Under this Stipulation and Order, Confidential Documents produced or disclosed by producing-disclosing counsel to recipient counsel may be disseminated, released, copied, shared, or otherwise reproduced by recipient counsel *only* to the following persons:

(a)     counsel for any party to this action;

  (b) paralegal, stenographic, clerical and/or secretarial personnel regularly employed by counsel referred to in paragraph (a);

  (c) court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in the above entitled action;

  (d) any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties – provided that such expert or consultant understands and agrees to abide by the terms of this Stipulation and Order;

  (e) any "in-house" or outside experts designated by the City to testify at trial in this matter; and/or

  (f) any party or witnesses to this action – provided that such party or witness understands and agrees to abide by the terms of this Stipulation and Order.

 24. This Stipulation and Protective Order only applies to materials not yet produced or disclosed in the above entitled action as of the date of execution of this Stipulation and Protective Order and does not apply retroactively to materials already produced or disclosed in this action.

 25. If, in connection with any deposition taken in this action, counsel questions a witness regarding materials subject to this Stipulation and Protective Order, or use(s) Confidential Documents as deposition exhibits, at the request of producing-disclosing counsel, the transcripts of such deposition testimony, and the attached exhibits, shall be designated as Confidential Documents and shall be subject to the provisions of this Stipulation and Protective Order.

 26. This Stipulation and Order is *not* intended, and shall *not* be construed, to prevent officials or employees of the CITY OF FRESNO, or other authorized government officials, from having access to any document(s) to which such officials or employees would have had access in the normal course of their job duties.

27. All those permitted by a recipient party to review any Confidential Documents must be informed of the terms of this Stipulation and Protective Order and must agree to abide by such before the recipient party may produce or disclose such documents to such person(s).

28. The provisions of this Stipulation and Protective Order shall be in effect until further Order of the Court or further written Stipulation by counsel for the parties.

29. Confidential Documents shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any person other than as specified in this Stipulation and Protective Order, and shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any member of the press or news or entertainment media under any circumstances.

30. At the conclusion of the legal proceedings in the above entitled matter, each person or entity – except court personnel – who has received any Confidential Document(s), or any copy thereof, and who is not the producing-disclosing party, shall return all such Confidential Documents to the producing-disclosing counsel. No recipient party or counsel may retain any Confidential Documents, or copies thereof, or permit any person or entity to whom the recipient party provided such document(s) to retain any Confidential Documents, after legal proceedings in the above entitled matter have concluded.  All counsel in the above entitled action specifically agree not to cause or knowingly permit any disclosure or production of any Confidential Document(s), or the contents thereof, except as permitted by the terms of this Stipulation and Protective Order.

31. No electronic copies of any Confidential Document(s) may be made by any recipient party or counsel.

32. Any restriction or obligation of this Stipulation and Protective Order that applies to any recipient party likewise applies to any recipient counsel, and vice versa.

33. It is further agreed by and between the parties that this stipulation may be signed in counterpart and that a facsimile or electronic signature will be as valid as an original signature.

**IT IS SO STIPULATED**.

Dated: November 11, 2009   **MANNING & MARDER
KASS, ELLROD, RAMIREZ, LLP**


By:   \_\_/s/ Tony M. Sain_____
         Mildred K. O'Linn, Esq.
         Timothy J. Kral, Esq.
         Tony M. Sain, Esq.
Attorneys for Defendant
CITY OF FRESNO and JERRY DYER


Dated: November 11, 2009   **LAW OFFICES OF JOHN L. BURRIS**


By:   \_\_/s/ John L. Burris_____
         John L. Burris, Esq.
         Benjamin Nisenbaum, Esq.
Attorneys for Plaintiff
KRISTAL MADRID, individually, and as Personal Representative of the Estate of PEDRO MADRID

# **ORDER**

PURSUANT TO STIPULATION, and Good Cause appearing therefore,

IT IS HEREBY ORDERED that terms and conditions of the parties' Stipulation for Entry of Protective Order re Confidential Documents ("Stipulation") as delineated and stated herein above shall be incorporated by reference here in this Order and shall be deemed binding pursuant to the terms of such Stipulation and by Order of this Court.

IT IS SO ORDERED.

**Dated:   November 12, 2009**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE