Mildred K. O'Linn, Esq. (State Bar No. 159055)
Timothy J. Kral, Esq. (State Bar No. 200919)
Tony M. Sain (State Bar No. 251626)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com and tjk@mmker.com and
tms@mmker.com

Attorneys for Defendants,
CITY OF FRESNO and JERRY DYER; Officers
JUAN GURROLA, JUSTIN BELL, MONTY
LEWIS, JR., GEORGE VALDEZ, AND
FRANK MENDOZA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL MADRID, individually, and as Personal Representative of the Estate of PEDRO MADRID,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, a municipal corporation; JERRY DYER, in his capacity as Chief of Police for the CITY OF FRESNO; DOES 1-100, individually and in their official capacities as police officers for the CITY OF FRESNO,<br><br>Defendants. | Case No.:<br>1: 08-CV-00098-OWW-(SMS)<br><br>**STIPULATION FOR AN ORDER MODIFYING THE CASE MANAGEMENT SCHEDULE TO CONTINUE THE TRIAL DATE AND RELATED PRETRIAL DEADLINES IN LIGHT OF SERIOUS ILLNESS OF COUNSEL; ORDER**<br><br>[Declaration of Mildred K. O'Linn filed concurrently herewith]<br><br>Complaint Filed: 01/18/08<br>Trial Date: 10/05/10 |

**TO THE HONORABLE COURT:**

IT IS HEREBY STIPULATED by and between the parties to this action, by and through their respective counsel of record, and pursuant to all applicable statutes

and rules, including but not limited to Federal Rules of Civil Procedure 16, 26, and 40, and/or, to the extent applicable, United States District Court, Eastern District of California Local Rules 137, 143, 144, 230, and/or 240, as follows:

## GOOD CAUSE STATEMENT

1. On October 15, 2009 [Dkt. Doc. 32], after lifting a stay of proceedings, the honorable Court reset this matter for trial on October 5, 2010, with a discovery cut-off deadline of June 14, 2010.

2. Plaintiffs' claims against the City of Fresno and/or its police officers (hereafter the "City Defendants") are essentially civil rights and torts claims arising from a use of force by City Defendants' police officers, against decedent Pedro Madrid, on or about January 9, 2007.

3. However, since the Court issued the aforementioned scheduling order, **counsel for defendant TASER has been diagnosed with breast cancer**. As a result of this diagnosis and her related need for surgery and treatment, City Defendants' lead trial counsel cannot substantially participate in any litigation matter until at least mid-July, 2010. [*See* O'Linn Decl., ¶¶ 2-13.]

4. Ms. O'Linn has unique and specialized knowledge and expertise that the City Defendants deem indispensable to their defense in this matter. Accordingly, at her clients' request, Ms. O'Linn is seeking to continue all trial dates whose pretrial deadlines and discovery needs would otherwise fall during her anticipated treatment period. [*See* O'Linn Decl., ¶¶ 2-13.]

5. Pursuant to the Court's Order of October 15, 2009 [Dkt. Doc. 15], the following dates and deadlines constituted the operative case management schedule:

Expert Disclosures and Reports Due:

April 14, 2010

Fact and Expert Discovery, Non-Dispositive Motion Filing Cut-Off:

June 14, 2010

Fact and Expert Discovery Cut-Off:

June 14, 2010

Dispositive Motion Filing Cut-Off:

July 2, 2010

Fact and Expert Discovery, Non-Dispositive Motion Hearing:

July 16, 2010, 9:00 a.m. before Magistrate Judge

Dispositive Motion Hearing Cut-Off:

August 2, 2010, 10:00 a.m. before District Judge

Settlement Conference Date:

None set

Pre-Trial Conference:

September 3, 2010, 2010, 12:00 p.m. before District Judge

JURY TRIAL:

October 5, 2010, 9:00 a.m.

## GOOD CAUSE: AUTHORITY OF THE COURT

6. The Court is invested with inherent and statutory authority to provide for the orderly conduct of the proceedings before it and to control its processes and orders so as to make them conform to law and the interests of justice. *See, e.g.*, Fed. R. Civ. P. 16, 40. Accordingly, the Court is empowered, in the exercise of its sound discretion, to continue a trial date upon an affirmative showing that such continuance is justifiable. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials.... Consequently, broad discretion must be granted trial courts on matters of continuances...."); *United States v. Garrett*, 170 F.3d 1143, 1144-1145 (9th Cir. 1999) ("when we review a district court's ruling granting or denying a motion for a continuance[,] the applicable standard of review is abuse of discretion").

7. However, where there is justifiable cause for the continuance, and where substantial justice to the parties will be afforded by the continuance, the need for

judicial efficiency in expediting cases should not trump the justifiable cause for continuing the trial dates. *See United States v. Nguyen*, 262 F.3d 998, 1003 (9th Cir. 2000) (disapproving trial judges "who seem[] 'above all to be determined not to disturb [the court's] trial schedule'"). Indeed, where, under the totality of the circumstances, a trial court's denial of a motion for continuance amounts to "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay[,]'" that denial may constitute a violation of that party's due process rights and, in a criminal case, of that party's Sixth Amendment right to the assistance of counsel. *See Morris*, 461 U.S. at 12; *Unger v. Sarafite*, 376 U.S. 575, 589 (1964); *United States v. Gonzales*, 800 F.2d 895, 898 (9th Cir. 1986) ("Denial [of a motion for continuance] is a constitutional violation only if the district court unreasonably and arbitrarily insists upon 'expeditiousness in the face of a justifiable request for delay.'"); *see also Garrett*, 179 F.3d at 1145 (concluding that when denying the motion for continuance, the district court should summarize its reasons on the record, particularly where the right to counsel may be implicated).[1]

8.  In order to determine whether there is justifiable cause for a continuance, courts may consider many factors, including: (1) "the nature of the case and whether the parties have been allowed adequate time for trial preparation"; (2) "the diligence of the party requesting the continuance"; (3) "the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance"; (4) "the effect of the continuance and whether delay will seriously disadvantage either party"; and (5) "the asserted need for the continuance, with weight to be given [to] sudden exigencies and unforeseen circumstances...." *See*

---

[1] The purpose of "[d]elay reduction and calendar management" is to "promote the just resolution of cases on their merits" and, thus, while "'it is true that a trial judge must have control of the courtroom and its calendar...it is equally true that, absent [a lack of diligence or other abusive] circumstances..., a request for a continuance supported by a showing of good cause usually ought to be granted.'" *See Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1396, 1398 (overturning judgment entered after the trial court proceeded without defendant's lead trial counsel, who had become engaged in another conflicting trial, because "[a] civil litigant has a constitutional right to be represented by counsel at trial [citations], a right which ought not to be abrogated simply because the trial court concludes that the litigant's counsel of choice 'take[s] on too many cases.'")

*United States v. Bernhardt*, 642 F.2d 251, 252 (8th Cir. 1981) (citing *Unger*, 376 U.S. at 589); *cf. Ranson v. Brooks*, 2005 U.S. Dist. LEXIS 29545 (E.D. Pa. 2005) (equating justifiable cause with a showing of good cause for a continuance); Cal. R. Ct. 3.1332(c)-(d) (good cause for a trial continuance can include: the unavailability of counsel due to trial calendar conflict, illness, or death as well as the inability to otherwise obtain essential testimony or material evidence despite diligent efforts). For example, justifiable cause can include a complete breakdown in the attorney-client relationship such that, without a continuance, a criminal defendant would be forced to defend himself at trial without the assistance of counsel. *See Nguyen*, 262 F.3d at 1003 (holding that defendant's Sixth Amendment right was violated when he was denied a trial continuance after a complete breakdown in the attorney-client relationship).

9. Good cause (justifiable cause) for a continuance exists here because Ms. O'Linn's client has deemed her expertise and experience to be indispensable to their defense of this matter and because her cancer treatment and recovery will make her unable to address the litigation needs and issues of this case under the current operative case management schedule and until at least mid-July, 2010. [*See* O'Linn Decl., ¶¶ 2-13.]

10. In light of the foregoing, the parties hereby stipulate that Good Cause exists to continue the trial date of this matter as specified herein below.

11. The parties further agree that no party shall oppose any motion or *ex parte* application in pursuit of an order seeking the continuances at issue in this Stipulation. The parties are unopposed to a motion to continue trial that conforms with the terms of this Stipulation. The parties are unopposed to an *ex parte* application for an order shortening the time for notice and hearing of such motion to continue trial.

///

# STIPULATION FOR CONTINUANCE

12. In light of the foregoing, the parties hereby stipulate and respectfully request that the Court **modify the operative case management scheduling order** to the following dates and deadlines, or to dates and deadlines comparable to the following:

Expert Disclosures and Reports Due:

November 1, 2010

Rebuttal, Counter, and Supplemental Expert Disclosures and Reports Due:

November 15, 2010

Fact and Expert Discovery, Non-Dispositive Motion Filing Cut-Off:

December 6, 2010

Fact and Expert Discovery Cut-Off:

December 6, 2010

Dispositive Motion Filing Cut-Off:

January 3, 2011

Fact and Expert Discovery, Non-Dispositive Motion Hearing:

January 17, 2011, 9:00 a.m. before Magistrate Judge

Dispositive Motion Hearing Cut-Off:

February 7, 2011, 10:00 a.m. before District Judge

Settlement Conference Date:

To be determined

Pre-Trial Conference:

March 11, 2011, 12:00 p.m. before District Judge

Jury Trial:

April 12, 2011, 9:00 a.m.

///

///

///

13. It is further agreed that this stipulation may be signed in counterpart and that a facsimile or electronic signature will be as valid as an original signature.

**IT IS SO STIPULATED**.

Dated: March 26, 2010   **MANNING & MARDER KASS, ELLROD, RAMIREZ, LLP**

By: __/s/ Mildred K. O'Linn_____
　　　Mildred K. O'Linn, Esq.
　　　Timothy J. Kral, Esq.
　　　Tony M. Sain, Esq.
Attorneys for Defendants
CITY OF FRESNO and JERRY DYER;
Officers JUAN GURROLA, JUSTIN BELL, MONTY LEWIS, JR., GEORGE VALDEZ, AND FRANK MENDOZA

Dated: March___, 2010   **LAW OFFICES OF JOHN L. BURRIS**

By: __/s/ John L. Burris_____
　　　John L. Burris, Esq.
　　　Benjamin Nisenbaum, Esq.
Attorneys for Plaintiff
KRISTAL MADRID, individually, and as Personal Representative of the Estate of PEDRO MADRID

# **ORDER**

PURSUANT TO THE STIPULATION OF THE PARTIES, and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under Federal Rules of Civil Procedure 16, 26, and 40; after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

The Court hereby modifies the case management schedule and resets the following dates and deadlines under this Case Management Scheduling Order:

Expert Disclosures and Reports Due:

November 1, 2010

Rebuttal, Counter, and Supplemental Expert Disclosures and Reports Due:

November 15, 2010

Fact and Expert Discovery, Non-Dispositive Motion Filing Cut-Off:

December 6, 2010

Fact and Expert Discovery Cut-Off:

December 6, 2010

Dispositive Motion Filing Cut-Off:

January 3, 2011

Fact and Expert Discovery, Non-Dispositive Motion Hearing:

January 17, 2011, 9:00 a.m. before Magistrate Judge

Dispositive Motion Hearing Cut-Off:

February 7, 2011, 10:00 a.m. before District Judge

Settlement Conference Date:

To be determined

Pre-Trial Conference:

March 11, 2011, 12:00 p.m. before District Judge

| | |
|---|---|
|1| <u>Jury Trial</u>: |
|2| April 12, 2011, 9:00 a.m. |
|3| |
|4| |
|5| NO FURTHER CONTINUANCES. |
|6| |
|7| **IT IS SO ORDERED**. |
|8| |
|9| Dated: March 26, 2010 /s/ OLIVER W. WANGER  **UNITED STATES DISTRICT JUDGE** |