UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTAL MADRID individually and as personal representative of the Estate of PEDRO MADRID,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JUAN GURROLA, individually, JUSTIN BELL, individually, MONTY LEWIS, JR., individually, GEORGE VALDEZ, individually, and FRANK MENDOZA, individually,<br><br>                    Defendants.<br>_____ | 1:08-cv-0098 OWW SMS<br><br>FINAL PRETRIAL ORDER<br><br>Motion in Limine Date: 4/6/11 12:00 Ctrm. 3<br><br>Trial Date:  4/12/11 9:00 Ctrm. 3 (JT-10 days) |

## I.   JURISDICTION AND VENUE

1.   The parties do not dispute that jurisdiction exists under 28 U.S.C. §§ 1331, 1343 and under 42 U.S.C. § 1983.  The parties do not dispute that venue is proper under 28 U.S.C. § 1391.  The parties do not dispute that the substantive law of the State of California provides the rule of decision regarding plaintiff's supplemental jurisdiction claims.  [*See* Dkt. Doc. 10 at 5-6.].

## II.   JURY/NON-JURY

1.   All parties have demanded a jury trial in this matter.

1

1  [*See* Dkt. Doc. 7 at 12; Dkt. Doc. 38 at 16; Dkt. Doc. 40 at 17.]
2  The parties do not contest a trial by jury of the factual
3  disputes of this action.

### III.  FACTS

5  A.  Undisputed Facts

6      Nothing in this Pre-Trial Statement or in this section
7  shall be construed as a stipulation that any of the following
8  undisputed facts are admissible.  Each of the parties reserves
9  the right to object to specific facts *infra* from being read to
10 the jury.

11     1.   On January 9, 2007, shortly after 12:30 a.m., FPD
12 Officer Ronnie Pack saw Pedro Madrid walking barefoot in the
13 middle of the street near the Kern Street overpass of the 99
14 Freeway in the City of Fresno.  Pedro Madrid was yelling at no
15 apparent person.

16     2.   Officer Pack then contacted Pedro Madrid: Madrid then
17 explained that someone was trying to "get him."

18     3.   Pedro Madrid then consented to a pat-down frisk of his
19 person by Officer Pack: the pat-down frisk yielded no weapons.
20 Officer Pack did not report to other FPD officers, over the radio
21 or otherwise, whether Madrid was armed or unarmed.

22     4.   Officer Pack observed that Pedro Madrid was fidgety and
23 appeared unable to be still.  Pedro Madrid appeared to be either
24 under the influence of a controlled substance or mentally ill.

25     5.   When asked, Pedro Madrid admitted that he had smoked
26 some "meth" about 90 minutes prior.

27     6.   Officer Pack observed that Pedro Madrid's pupils were
28 dilated and that his heart rate was elevated, which is consistent

                              2

with someone being under the influence of methamphetamine.

7.   Pedro Madrid appeared anxious at the prospect of being arrested.

8.   At the time of the incident, Pedro Madrid was on felony probation.  Plaintiff contends that this fact should not be admitted into evidence and should not be read to the jury.

9.   When Officer Pack attempted to handcuff Madrid, Madrid ran away from Officer Pack, westbound on Kern Street.

10.  Officer Pack then reported Pedro Madrid's flight over his police radio and pursued Pedro Madrid on foot.

11.  Pedro Madrid then climbed over a fence and ran onto the traffic lanes of the 99 Freeway near the Kern Street overpass.

12.  In response, FPD police officers – including defendant Officers JUAN GURROLA and MONTY LEWIS, JR. – pursued Pedro Madrid, on foot, onto the 99 Freeway.

13.  FPD officers attempted to detain and restrain Pedro Madrid.

14.  FPD officers used force upon Pedro Madrid while acting under color of law.

15.  During the FPD officers' attempts to restrain Pedro Madrid, FPD police officers on the scene used various types of force upon Pedro Madrid.

16.  Subsequently, some time after FPD police officers had handcuffed Pedro Madrid, FPD police officers observed that he did not appear to be breathing.

17.  In response, FPD police officers began lifesaving procedures on Pedro Madrid, including cardiopulmonary resuscitation ("CPR").

3

18.   Firefighters or emergency medical personnel then came to the scene and took over lifesaving procedures on Pedro Madrid.

19.   The firefighters or emergency medical personnel then transported Pedro Madrid to University Medical Center ("UMC") in Fresno.

20.   After being transported to UMC, methamphetamine was detected in Pedro Madrid's blood.

21.   While at UMC, Pedro Medrid was unconscious, was placed on life support, and never regained consciousness.

22.   At UMC, Pedro Madrid was diagnosed with anoxic encephalopathy.

23.   On January 12, 2007, after UMC doctors determined that Pedro Madrid had no brain activity, plaintiff Kristal Madrid decided to remove him from life support.   Pedro Madrid subsequently died.

24.   Kristal Madrid is the daughter of decedent Pedro Madrid.

25.   On September 9, 2009, the Fresno *County* Coroner completed a report that stated that the "Manner of Death" for Pedro Madrid was "Undetermined" and that the "Cause of Death" for Pedro Madrid was "cardiopulmonary arrest during restraint in a person under the influence of methamphetamine."   Plaintiff contends that the underlying conclusion of the Coroner is a disputed fact and that the Coroner's conclusion should not be read to the jury.

B.   Disputed Facts

1.   The amount of methamphetamine or other controlled substances/drugs that was in Pedro Madrid's blood at the time

**4**

1    that he was detained by Ofcr. Pack or ran from FPD officers.

2         2.    Whether Pedro Madrid was under the influence of

3    methamphetamine or other controlled substances at the time that

4    he ran away from FPD officers.

5         3.    Whether Pedro Madrid was lawfully detained by Ofcr.

6    Pack; specifically, whether prior to any detention Ofcr. Pack had

7    reasonable suspicion that Pedro Madrid had violated, was

8    violating, or was about to violate the law, or that Pedro Madrid

9    was in need of an involuntary psychiatric confinement.

10        4.    Whether Pedro Madrid unlawfully fled from a detention

11   by a police officer (Ofcr. Pack).

12        5.    Which specific FPD police officers applied grappling

13   or other forms of force upon Pedro Madrid.

14        6.    The relative position of each FPD police officer who

15   applied grappling or other forms of force upon Pedro Madrid with

16   respect to Pedro Madrid's body.

17        7.    The relative position of each FPD police officer who

18   applied grappling or other forms of force upon Pedro Madrid with

19   respect to each other.

20        8.    The amount and types of force deployed upon Pedro

21   Madrid by defendant officers.

22        9.    The amount of weight or downward pressure that was

23   applied to Pedro Madrid's torso by FPD police officers.

24        10.   Whether a carotid hold, or comparable pressure to the

25   front of Pedro Madrid's neck, was applied at all or in part by

26   any FPD police officer.

27        11.   Whether, while Pedro Madrid was hobbled and in

28   handcuffs, FPD officers rolled Pedro Madrid onto his side before

                                   5

1  he was observed to be having any respiratory or other medical
2  difficulties.

3      12.   Whether the amount and manner of force applied to Pedro
4  Madrid by FPD officers, either singly or in combination, was
5  objectively reasonable under the circumstances.

6      13.   Whether the amount and manner of force applied to Pedro
7  Madrid by FPD officers, either singly or in combination, was a
8  substantial factor cause of his cardiac arrest, which eventually
9  resulted in his death.

10     14.   Whether Pedro Madrid experienced "excited delirium"
11 that caused him to suffer cardiac arrest, eventually resulting in
12 his death.

13     15.   Whether the amount and manner of force applied to Pedro
14 Madrid by FPD officers, either singly or in combination, was
15 consistent with standard constitutional police procedures and
16 practices.

17     16.   Whether the amount of force applied to Pedro Madrid by
18 FPD officers, either singly or in combination, was consistent
19 with the policies and practices of the Fresno Police Department.

20     17.   The amount, extent, and means of valuation of
21 compensatory, general, and statutory damages to which plaintiff
22 is entitled, if any, in any capacity.

23     18.   Whether any of the individual defendants acted with
24 malice, oppression, or fraud sufficient to warrant the imposition
25 of punitive damages.

26     19.   The amount, extent, and means of valuation of
27 plaintiff's claims for punitive damages.
28 ///

**IV.   DISPUTED EVIDENTIARY ISSUES**

1.   Defendants have filed the following motions *in limine*:

(a)   Motion to exclude the opinion testimony of plaintiff's expert Werner Spitz, M.D. under *Daubert* [*see* Dkt. Doc. 52];

(b)   Motion to exclude the opinion testimony of plaintiff's expert Roger Clark under *Daubert* [*see* Dkt. Doc. 55];

(c)   Motion to trifurcate trial into three phases – (1) issues re constitutional/statutory violations by the involved officers, (2) *Monell/Canton* and municipal liability issues, and (3) punitive damages issues – and to exclude evidence by phase [*see* Mot. *in Limine* no. 1, Dkt. Doc. 71];

(d)   Motion to exclude evidence of other acts/wrongs by defendants [*see* Mot. *in Limine* no. 2, Dkt. Doc. 72];

(e)   Motion to exclude media coverage of incident and lawsuit [*see* Mot. *in Limine* no. 3, Dkt. Doc. 73];

(f)   Motion to exclude evidence offered by plaintiff that was not disclosed pursuant to Fed. R. Civ. P. 26 [*see* Mot. *in Limine* no. 4, Dkt. Doc. 74];

(g)   Motion to exclude and seal *transcripts* of officer interviews [*see* Mot. *in Limine* no. 5, Dkt. Doc. 75].

2.   Defendants further reserve the right to seek exclusion of any inflammatory photographs related to the autopsy of decedent Pedro Madrid, including but not limited to Exhibits 174-198 *infra*.

3.   Plaintiff expects to submit motions *in limine* regarding the following issues:

(a)   To exclude, pursuant to Fed. R. Evid. 403 and

404(a), all evidence and/or reference to decedent's criminal history, specifically including but not limited to whether Pedro Madrid was on probation or parole at the time of the subject incident, as well as Pedro Madrid's alleged history of narcotics and/or alcohol use; or, in the alternative, to bifurcate trial of liability from trial of damages and to limit evidence of Pedro Madrid's criminal history to the damages phase of trial;

(b)   To exclude witnesses or evidence not disclosed pursuant to Fed. R. Civ. P. 26 or otherwise made known to plaintiff;

(c)   To exclude defendant officers from offering expert opinion testimony, except with regard to their training in identifying subjects who appear to be intoxicated and/or impaired;

(d)   To exclude, pursuant to Fed. R. Evid. 403 and 404(a), defendant officers from offering evidence regarding their commendations, medals, or other awards received;

(e)   To exclude, pursuant to Fed. R. Evid. 403 and 404(a), all evidence and/or reference to plaintiff's criminal history (if any).

4.   Plaintiff reserves the right to supplement or amend her motions *in limine* should further evidentiary issues arise.

5.   The parties are unaware of other disputes concerning the admissibility of testimony, physical evidence, demonstrative evidence, or the use of special technology such as computer animation or video discs, but reserve the right to file/serve supplemental trial briefs on such matters should they arise.

///

8

1        **V.   SPECIAL FACTUAL INFORMATION**

2        a.   Date, Place, and General Nature of the Incident

3             Constituting the Alleged Basis of Liability.

4        The incident at issue occurred shortly after 12:30 a.m. on

5   January 9, 2007, largely on the 99 Freeway in the City of Fresno,

6   near the Kern Street overpass.  The incident at issue involved a

7   detention of Pedro Madrid by Fresno Police Department police

8   officers, followed by a foot pursuit, and a restraint that

9   included the deployment of a TASER device in drive-stun/contact

10  mode and physical strikes.  After Pedro Madrid was taken into

11  custody, he developed respiratory problems and suffered cardiac

12  arrest.  Plaintiff contends that the involved officers' restraint

13  methods amounted to excessive force and caused Pedro Madrid to

14  suffer cardiac arrest as a result of asphyxiation.  Defendants

15  contend that Pedro Madrid's violent resistance necessitated the

16  restraint methods applied, that such were reasonable under the

17  circumstances, and that Pedro Madrid's cardiac arrest was the

18  result of his violent exertions and methamphetamine use (excited

19  delirium).  After his cardiac arrest, Pedro Madrid never regained

20  consciousness and his life support was ultimately terminated by

21  plaintiff on January 12, 2007.

22       b.   Particular Acts, Omissions, or Conditions Constituting

23            the Basis of any Defense.

24       Defendants contend that the actions of the involved officers

25  regarding Pedro Madrid were reasonable and lawful under the

26  totality of the circumstances because: (1) there was reasonable

27  suspicion to support Pedro Madrid's initial detention due to his

28  unusual conduct suggesting a need for mental-health detention

under Cal. Welf. & Inst. Code § 5150; (2) there was probable cause to arrest Pedro Madrid after he admitted to using methamphetamine earlier that evening and after objective examination showed him to be under the influence of a stimulant like methamphetamine, in violation of his felony probation for narcotics violations; (3) it was reasonable and lawful for the involved officers to pursue Pedro Madrid in light of his subsequent flight from custody and the danger he posed to himself and others by running across a busy six-lane freeway at night; (4) it was reasonable and lawful for the involved officers to deploy restraint techniques, grappling techniques, TASER drive-stun deployments, a hand-strike, and baton-like strikes in order to gain Pedro Madrid's compliance with commands and to prevent harm to himself or the officers in light of Pedro Madrid's (a) refusal to show/produce his hands in response to multiple officer commands, (b) kicking, bucking, twisting, and other violent physical resistance that threatened to push Madrid or one of the officers into nearby passing traffic, and (c) lack of response/compliance to lesser applications of force; and (5) the involved officers ceased applying force against Pedro Madrid as soon as his violent resistance to and endangerment of the officers ended.  Defendants further contend that the legal/medical cause of Pedro Madrid's cardiac arrest was excited delirium: the result of an overexertion of his body by way of running across a freeway and violent physical resistance against multiple officers' attempts to restrain him while under the influence of methamphetamine and natural chemicals in the body that also place severe strain on the cardiac system.

    c.    <u>Statutes, Ordinances, or Regulations Violated by Either</u>
<u>Party</u>.

Defendants contend that Pedro Madrid was in violation of
California Penal Code § 148(a)(1) [resisting, delaying, or
obstructing a peace officer in the discharge of his duties]; §§
1203.2(a), 1210.1(f), and 3081 [violation of the terms of his
felony probation, including failure to obey all laws, failure to
submit to search and seizure, and failure to refrain from using
narcotics]; as well as California Vehicle Code §§ 21461.5 and
21960(a) [effectively prohibiting pedestrians on the freeway].

Plaintiffs contend that defendants violated 42 U.S.C. § 1983
and California Civil Code § 52.

    d.    <u>Applicability of the Doctrine of Strict Liability or</u>
<u>*Res Ipsa Loquitur*</u>.

Not applicable.

    e.    <u>Decedent's Age, Injuries Sustained or Aggravated,</u>
<u>Earnings Issues, and Alleged Damages</u>.

Pedro Madrid was 44 during the incident at issue (date of
birth May 16, 1962).

Decedent was observed with the following injuries by the
Fresno County Coroner: 2 linear abrasions to Left side of
forehead (4 3/4"; 5/8"); 2 rectangular abrasions on Right side
front of abdomen (1/8" x 1/16" each - 1 3/4" apart); 2
rectangular abrasions on Right side back (3/16" x 1/16", 1/8" x
1/16" - spaced 1 ½" apart); 2 abrasions Right side back (1/16" x
1/16", 3/8" x 1/8" - 1" apart); 1 rectangular abrasion Right side
lower back (3/16" x1/8"); 1 irregular abrasion Right side back
(½" x 1/4"); 1 abrasion Right side back (3/8" x 1/8"); 3 of these

11

abrasions consistent with TASER ECD use in drive stun and in
probe; 1 abrasion Right side back toward middle (½" x3/8"); 1
abrasion Left side back toward midline (3/8" x 1/8"); 1 linear
abrasion middle lower back (5/8" x ½"); and 12 abrasions to the
arms and legs.

Decedent was not employed on the date of the incident.

Decedent's earnings are unknown, but estimated at less than
$20,000 per year.

f.   Decedent's Physical Condition, Education, and Training.

Decedent's pre-incident physical condition is unknown.  He
was reported to have a high school education.  His profession was
reported as a part-time carpenter/construction worker.

g.   <u>Plaintiff's Age, Injuries Sustained or Aggravated,
Earnings Issues, and Alleged Damages</u>.

Plaintiff Kristal Madrid was born February 20, 1987.  She
alleges loss of society/guidance and wrongful death damages as
well as compensatory damages related to decedent's medical and
burial costs.  She also seeks statutory damages, punitive
damages, costs, and attorneys' fees.

h.   <u>Dependents' Names, Ages, and Contribution from
Decedent</u>.

At the time of his death, decedent Pedro Madrid had no
dependents.  His sole known heir is plaintiff Kristal Madrid, his
adult daughter by Pamela Madrid.  Plaintiff has testified that
she did not receive much if any financial support from decedent
during her adult life, other than pocket change.

## VI.   RELIEF SOUGHT

1.   Plaintiff seeks: (1) general damages of $10,000,000.00;

12

1  (2) unspecified special damages; (3) unspecified punitive

2  damages; (4) injunction against any Fresno Police Department

3  officer using excessive and unreasonable force; (5) statutory

4  damages pursuant to Cal. Civ. Code §§ 51.7, 52, 52.1, including

5  $25,000.00 per offense; (6) attorneys' fees pursuant to Cal. Civ.

6  Code §§ 51.7, 52, 52.1 and to 42 U.S.C. § 1988; and (7) costs of

7  suit.   Defendants contend that some of the relief sought by

8  plaintiff is no longer available in light of the Court's grant of

9  partial summary judgment.

10     2.   Defendants seek: (a) costs; (b) attorneys' fees as

11 available and appropriate; (c) judgment in favor of defendants on

12 all causes of action.

13                VII.  DISPUTED ISSUES OF LAW

14     1.   In light of the Court's decision on defendants' motion

15 for summary judgment-adjudication [*see* Dkt. Doc. 80], plaintiff's

16 remaining claims in this action are as follows:

17     (a)  Excessive force in violation of decedent Pedro Madrid's

18 Fourth Amendment rights, pursuant to 42 U.S.C. § 1983 (First

19 Cause of Action against defendants Bell, Gurrola, Lewis, Mendoza,

20 and Valdez);

21     (b)  Assault & Battery, presumably in violation of decedent

22 Pedro Madrid's rights presumably under California Civil Code § 43

23 (Fourth Cause of Action against defendants Bell, Gurrola, Lewis,

24 Mendoza, and Valdez);

25     (c)  Violation of decedent Pedro Madrid's constitutional

26 rights under California Civil Code § 52.1 by way of: (1)

27 excessive force, and (2) false/unlawful arrest (Sixth Cause of

28 Action against defendants Bell, Gurrola, Lewis, Mendoza, and

                            13

1  Valdez); and

2      (d)  Negligence resulting in the wrongful death of decedent
3  Pedro Madrid presumably pursuant to California Code of Civil
4  Procedure §§ 377, 377.60, 377.61 and California Civil Code § 3333
5  (Seventh Cause of Action against defendants Bell, Gurrola, Lewis,
6  Mendoza, and Valdez);

7      [*See, e.g.*, Pl.'s 1st Am. Compl., Dec. 14, 2009, Dkt. Doc.
8  37 at 14-15; Pl.'s Opp'n to Defts.' Mot. for Summ. J., Jan. 24,
9  2011, Dkt. Doc. 58 at 32-34; Mem. Decision re Defts.' Mot. Sum.
10  J., Feb. 23, 2011, Dkt. Doc. 80 (granting summary judgment on
11  plaintiff's Fourteenth Amendment claim in the First Cause of
12  Action, supervisory liability claim in the Second Cause of
13  Action, *Monell* liability claim in the Third Cause of Action,
14  racial discrimination in civil rights/Unruh Act claim in the
15  Fifth Cause of Action, and negligent hiring, retention,
16  supervision, training and discipline claim in the Eighth Cause of
17  Action).]

18      Defendants contend that:

19      (a)  Plaintiff's claim for excessive force in violation of
20  decedent Pedro Madrid's Fourth Amendment rights, pursuant to 42
21  U.S.C. § 1983 (First Cause of Action against defendants Bell,
22  Gurrola, Lewis, Mendoza, and Valdez) lacks merit because the
23  officers' use of force was objectively reasonable under the
24  circumstances, particularly in light of Pedro Madrid's violent
25  resistance, pursuant to *Graham v. Connor*, 490 U.S. 386 (1989);
26  moreover, even assuming *arguendo* that plaintiff could show that
27  Pedro Madrid's constitutional rights were violated, any mistakes
28  of fact or law were reasonable and the officers are thus entitled

**14**

1 to qualified immunity on this claim;

2     (b)   Plaintiff's redundant state-law claims for Assault &

3 Battery, presumably in violation of decedent Pedro Madrid's

4 rights under California Civil Code § 43 (Fourth Cause of Action

5 against defendants Bell, Gurrola, Lewis, Mendoza, and Valdez);

6 Violation of decedent Pedro Madrid's constitutional rights under

7 California Civil Code § 52.1 by way of: (1) excessive force, and

8 (2) false/unlawful arrest (Sixth Cause of Action against

9 defendants Bell, Gurrola, Lewis, Mendoza, and Valdez); and

10 Negligence resulting in the wrongful death of decedent Pedro

11 Madrid presumably pursuant to California Code of Civil Procedure

12 §§ 377, 377.60, 377.61 and California Civil Code § 3333 (Seventh

13 Cause of Action against defendants Bell, Gurrola, Lewis, Mendoza,

14 and Valdez) all lack merit for the same reasons that plaintiff's

15 federal excessive force and unlawful detention/arrest claims lack

16 merit – namely, the officers' use of force was objectively

17 reasonable under the circumstances and the officers had

18 reasonable suspicion to detain and then probable cause to arrest

19 Pedro Madrid prior to his flight, thus as no constitutional

20 violations were committed, these state torts could not have been

21 committed either pursuant to *Martinez v. County of Los Angeles*,

22 47 Cal.App.4th 334, 349-350 (1996).

23     (c)   the involved officers' conduct with regard to Pedro

24 Madrid was reasonable and lawful under the circumstances, and

25 accordingly neither decedent's nor plaintiff's constitutional

26 rights were violated during the incident at issue;

27     (d)   defendants are immune from liability for plaintiff's

28 state-law claims because the individual officers did not violate

decedent's constitutional rights during the incident pursuant to Cal. Gov. Code §§ 815.2, 820.2, and 820.4;

(e)   defendants' acts or omissions were *not* the legal/medical cause of Pedro Madrid's death;

(f)   As a result of these facts, defendants contend that they are entitled to judgment in their favor.

VIII.   ABANDONED ISSUES

1.   Defendants reserve the right to assert at trial all affirmative defenses raised in defendants' answers.

IX.   WITNESSES

The parties anticipate calling the following witnesses to testify at the time of trial, subject to any *in limine* orders of the Court or objections of the parties:

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| 1. | CHP Ofcr. Dusten Dimmer | In Person | Re prior encounter with Pedro Madrid hours before FPD incident; Lay | 20-40 mins. | 10-20 mins. |
| 2. | FPD Ofcr. Nathan Carr | In Person | Re prior fight by Madrid hours before FPD incident; Lay | 30-50 mins. | 15-25 mins. |
| 3. | FPD Ofcr. Nick El-Helou | In Person | Re prior fight by Madrid hours before FPD incident; Lay | 30-50 mins. | 15-25 mins. |
| 4. | FPD Sgt. Michael Maguire | In Person | Re prior encounter with Pedro Madrid minutes before FPD incident as well as reports during | 60-80 mins. | 30-40 mins. |

16

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| | | | FPD incident; Lay | | |
| 5. | FPD Ofcr. Ronnie Pack | In Person | Re initial encounter with Pedro Madrid before flight during incident; Lay | 60-80 mins. | 30-40 mins. |
| 6 | FPD Ofcr. David Lambert | In Person | Re initial encounter with Pedro Madrid before flight during incident; Lay | 20-30 mins. | 10-15 mins. |
| 7. | Def't Ofcr. Monty Lewis | In Person | Re Pedro Madrid pursuit and restraint incident; Lay | 100-120 mins. | 50-60 mins. |
| 8. | Def't Ofcr. Juan Gurrola | In Person | Re Pedro Madrid pursuit and restraint incident; Lay | 100-120 mins. | 50-60 mins. |
| 9. | Def't Ofcr. George Valdez | In Person | Re Pedro Madrid restraint incident; Lay | 60-80 mins. | 30-40 mins. |
| 10 | Def't Ofcr. Frank Mendoza | In Person | Re Pedro Madrid restraint incident; Lay | 60-80 mins. | 30-40 mins. |
| 11 | FPD Ofcr. Dominic Alvarado | In Person | Re Pedro Madrid restraint incident and life-saving measures; Lay | 80-100 mins. | 40-50 mins. |
| 12. | Def't Ofcr. Justin Bell | In Person | Re Pedro Madrid | 60-80 mins. | 30-40 mins. |

17

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| | | | restraint incident; Lay | | |
| 13. | FPD Ofcr. Bradley Bailey | In Person | Re Pedro Madrid life-saving measures during incident; Lay | 30-50 mins. | 15-25 mins. |
| 14. | FPD Ofcr. Gene Johnson | In Person | Re Pedro Madrid restraint incident; Lay | 30-50 mins. | 15-25 mins. |
| 15. | FPD Sgt. Richard DeJong | In Person | Re on scene reporting on Pedro Madrid incident | 30-50 mins. | 15-25 mins. |
| 16. | FFD Capt. Timothy Pilegard | In Person | Re firefighter deployment and life-saving measures on Pedro Madrid | 50-70 mins. | 25-35 mins. |
| 17. | FFD FF. Eric Hanson | In Person | Re firefighter deployment and life-saving measures on Pedro Madrid | 30-50 mins. | 15-25 mins. |
| 18. | FFD FF. Christopher Rocca | In Person | Re firefighter deployment and life-saving measures on Pedro Madrid | 30-50 mins. | 15-25 mins. |
| 19. | FFD FF. Frank Silva | In Person | Re firefighter deployment and life-saving measures on Pedro Madrid | 30-50 mins. | 15-25 mins. |
| 20. | FPD Lt. Dennis Montejano | In Person | FPD Use of Force Policies, Procedures, and Training | 30-50 mins. | 15-25 mins. |

18

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| 21. | Dep. Coroner Loretta Andrews | In Person if Available, or by Report | Autopsy of Pedro Madrid | 30-50 mins. | 15-25 mins. |
| 22. | Pl. Kristal Madrid | In Person | Damages; Lay | 160-180 mins. | 80-90 mins. |
| 23. | Kristi Barbosa | In Person | Pedro Madrid medical history; Lay | 80-100 mins. | 40-50 mins. |
| 24. | Pamela Madrid | In Person | Pedro Madrid medical history; Lay | 50-70 mins. | 25-35 mins. |
| 25. | Dr. Werner Spitz (Subject to Δ's MIL/*Daubert*) | In Person | Medical issues re Pedro Madrid; Π's Expert | 120-140 mins. | 60-70 mins. |
| 26. | Roger Clark (Subject to Δ's MIL/*Daubert*) | In Person | Standard Police Practices and Procedures; Π's Expert | 90-110 mins. | 45-55 mins. |
| 27. | Dr. Richard Clark | In Person | Cause of death for Pedro Madrid, pharmacology issues; Δ's Expert | 70-80 mins. | 30-40 mins. |
| 28. | Dr. Theodore Chan | In Person | Positional asphyxia and medical issues re Pedro Madrid; Δ's Expert | 60-80 mins. | 30-40 mins. |
| 29. | Robert Fonzi | In Person | Standard Police Practices and Procedures; Δ's Expert | 80-100 mins. | 40-50 mins. |

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| 30. | Fresno County Coroner David Hadden | In Person | Autopsy of Pedro Madrid | 30-50 mins. | 15-25 mins. |
| 31 | Jason P. Tenyenhuis, Paramedic American Ambulance Company, 2911 E. Tulare, Fresno, CA 93721 | In Person | Regarding medical treatment and transport of decedent | 30-50 mins. | |
| 32 | Nancy Hollier, EMT, American Ambulance Company, 2911 E. Tulare, Fresno, CA 9371 | In Person | Regarding medical treatment and transport of decedent | 30-50 mins. | |
| 33 | Kurt R. Kindig, American Ambulance Company, 2911 E. Tulare, Fresno, CA 93721 | In Person | Regarding medical treatment and transport of decedent | 30-50 mins. | |
| 34 | Venu Gopal, M.D. Chief Forensic Pathologist Fresno County Coroner, 760 w. Nielsen, Fresno, Ca 93706 | In Person | Autopsy of Pedro Madrid | 30-50 mins. | |
| 35 | FPD Officer Bernard Finley | In Person | Re fight between Pedro Madrid and | 30-50 mins. | |
| 36 | FPD Officer Amber Tumoine-Mendoza | In Person | Transcript of Witness Interview of Officer Amber Tumoine-Mendoza by Detective Villalvazo and Detective Yee taken at 0925 hours | 30-50 mins. | |
| 37 | Michael Burrow, | In Person | Law | 30-50 | |

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| | Fresno Police Dept., 2323 Mariposa Mall, Fresno, CA 93721 | | Enforcement Report From Fresno Police Department Supplement - Case No. 07-002381 Created on 01/14/07 Suspect - Pedro Madrid Officers Michael Burrow #ID47 | mins. | |
| 38 | Santos Arande, 2244 E. Brown, Fresno, CA 93706 | In Person | Argument between suspects Arambe, Santos and Madrid, Pedro Event 07-AA9838 | 30-50 mins. | |
| 39 | Scott Douglas Durham, Fresno Police Department, 2323 Mariposa Mall, Fresno, CA 93721 | In Person | Law Enforcement Report From Fresno Police Department Supplement - Case No. 07-002381 created on 01/09/07 Suspect - Pedro Madrid Officer D. Scott Durham | 30-50 mins. | |
| 40 | Bernard Finley, Fresno Police Department | In Person | Officer written interview notes re: fight between Pedro Madrid and Santos Arambe on 01/08/07 Reported by Officer N. Carr and B. Finley | 30-50 mins. | |
| 41 | Darla Gilbert, | In Person | Law | 30-50 | |

21

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| | Fresno Police Department | | Enforcement Report From Fresno Police Department Supplement - Case No. 07-002381 created on 01/14/09 Suspect - Pedro Madrid Officer Darla Gilbert #T49 | mins. | |
| 42 | David M. Hadden, M.D., Fresno County Coroner | In Person | Autopsy of Pedro Madrid | 30-50 mins. | |
| 43 | Sgt. David Madrigal, Fresno Police Depratment, Homicide Supervisor | In Person | On scene supervisor on Pedro Madrid Incident | 30-50 mins. | |
| 44 | Francisco D. Mendoza, Fresno Police Department | In Person | Re Pedro Madrid restraint incident; Lay | 60-80 mins. | |
| 45 | Derek Scott, Fresno Police Department | In Person | Law Enforcement Report From Fresno Police Department created 01/16/07; Supplement - Case No. 07-002381 (2 page) re Standby crime scene; Created on 01/16/07 Suspect - Pedro Madrid Officers S. Scott Shepard #P706 | 30-50 mins. | |
| 46 | Shepard S. Scott, Fresno Police | In Person | Law Enforcement | 30-50 mins. | |

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
|  | Department |  | Report From Fresno Police Department created 1/16/07; Supplement - Case No. 07-002381 (2 page) re Standby crime scene; Created on 01/16/07 Suspect - Pedro Madrid Officers S. Scott Shepard #P706 |  |  |
| 47 | Amber Mendoza, Fresno Police Department | In Person |  | 30-50 mins. |  |
| 48 | Det. Ray Villalvazo, Primary Homicide Investigator, Fresno Police Department | In Person | On scene investigator on Pedro Madrid incident | 60-80 mins. |  |
| 49 | Det. Mark Yee, Fresno Police Department, Assisting Homicide Investigator | In Person | Interviews of witnesses; Fresno Police Department Follow Up Report dated 01/04/07 Case No. 07-2381 Reporting Officer - Detective Mark Yee; Type of Report - Additional information | 60-80 mins. |  |
| 50 | Lt. R. Dobbins, Fresno Police Department, Street Violence Commander | In Person |  |  |  |

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| 51 | Officer C. Janca, Fresno Police Department | In Person | Assisting officer On scene on Pedro Madrid Incident | 30-50 mins. | |
| 52 | Officer M. Hansen, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid Incident | 30-50 mins. | |
| 53 | Officer J. Lyon, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid | 30-50 mins. | |
| 54 | Officer W. Wyatt, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid incident | 30-50 mins. | |
| 55 | Officer B. Haga, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid Incident | 30-50 mins. | |
| 56 | Officer M. Martin, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid incident | 30-50 mins. | |
| 57 | Officer J. Cardenas, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid Incident | 30-50 mins. | |
| 58 | Officer M. Fortune, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid Incident | 30-50 mins. | |
| 59 | Officer M. Barron, Fresno Police Department | In Person | Assisting officer on scene on Pedro Madrid | 30-50 mins. | |

24

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| | | | incident | | |
| 60 | CSO F. Siskey, Fresno Police Department | In Person | Assisting Southwest CSO on scene on Pedro Madrid incident | 30-50 mins. | |
| 61 | Cadet B. Debord | In Person | Assisting Southwest Cadet | 30-50 mins. | |
| 62 | ID Tech D. Durham | | Scene Photographs/Sketch; Law Enforcement Report From Fresno Police Department Supplement - Case No. 07-002381 created on 01/09/07 Suspect - Pedro Madrid; Officer D. Scott Durham #ED22; Fresno Police Department Diagram dated 01/09/07 Reporting Officer Detective D.S. Durham Case No. 07-2381 Diagram of Kern St. Overpass (Not to Scale) | 30-50 mins. | |
| 63 | C.Nunes, Fresno Fire Department | In Person | On scene on Pedro Madrid incident | 30-50 mins. | |
| 64 | C. Fern/sc, Fresno Police Department | In Person | Fresno Police Department Follow Up | 30-50 mins. | |

| # | Witness Name | Testimony Form | Expected Testimony Substance & Type | Time Estimate - Plaintiff | Time Estimate - Defendant |
|---|---|---|---|---|---|
| | | | Report dated 01/09/07 Case No. 07-2381 Reporting Officer C. Fern; Type of Report - Follow Up | | |
| 65 | Jeff Gentry, Fresno County Coroner's Office Forensic Technician | In Person | Re autopsy of Pedro Madrid | 30-50 mins. | |
| 66 | Officer J. Ruelas, Fresno Police Department | In Person | Assisting personnel autopsy of Pedro Madrid | 30-50 mins. | |
| | | | | | |

Counsel are each ordered to submit a list of witnesses to the court along with a copy for use by the Courtroom Deputy Clerk, on the same date and at the same time as the list of exhibits are to be submitted as ordered below.

<u>CAUTION</u>

Counsel are cautioned that expert witnesses, including percipient experts, must be designated as such. No witness, not identified as a witness in this order, including "rebuttal" witnesses, will be sworn or permitted to testify at trial.

X. EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that the parties expect to offer at trial.

<u>CAUTION</u>

Only exhibits so listed will be permitted to be offered into evidence at trial, except as may be otherwise provided in this

26

order.   No exhibit not designated in this pretrial order shall be marked for identification or admitted into evidence at trial.

    1.    The parties anticipate that the following exhibits may be offered into evidence at the time of trial, subject to any *in limine* orders of the Court or objections of the parties:

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---------|------------|---------------------|------------------------------|----------------|
| 1. | 1 | TASER International, Inc. Product Warnings dated 08/28/06, re: Operational Safety, Deployment Warnings, Health Risks and Maintenance | | |
| 2. | 8 | Law Enforcement Report Form Fresno Police Department - Case No. 07-002381 created on 01/09/07 re Suspect - Pedro Madrid by Officer **Ronnie Pack** #P938 | | |
| 3. | 9 | Law Enforcement Report From Fresno Police Department Supplement - Case No. 07-002381 created on 01/09/07 Suspect - Pedro Madrid Officer **D. Scott Durham** #ID22 | | |
| 4. | 10 | Law Enforcement Report From Fresno Police Department Supplement - Case No. 07-002381 created on 01/14/09 Suspect - Pedro Madrid Officer **Darla Gilbert** #T49 | | |
| 5. | 11 | Law Enforcement Report From Fresno Police Department Supplement - Case No. 07-002381 Created on 01/14/07 Suspect - Pedro Madrid Officers **Michael Burrow**  #ID47 | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 6. | *12* | Law Enforcement Report From Fresno Police Department created 1/16/07;  Supplement - Case No. 07-002381 (2 page) re Standby crime scene; Created on 01/16/07 Suspect - Pedro Madrid Officers **S. Scott Shepard** #P706 | | |
| 7. | *13* | Central Valley Toxicology Toxicology Report Results re: Per Madrid; CVT 07-1509; dated 01/18/07 | | |
| 8. | *15* | Records from American Ambulance re: decedent Pedro Madrid; Affidavit of Custodian of Records Billing Summary Itemized Statement Patient Report | | |
| 9. | *16* | County of Fresno Cororners Office 22 page fax dated 09/09/09 Fax containing: Coroner's Report dated 01/12/07 re: Pedro Madrid Fresno Coroner Case #07-01.137 | | |
| 10. | *18-1* | Incident Scene Photo: marker re in-custody incident 7-2381, 01/09/07, 0500 | | |
| 11. | *18-2* | Incident Scene Photo: wider angle of curb and west embankment on 99 Freeway (S/B) with evidence marker #2 and red box first aid kit in view, 01/09/07 night | | |
| 12. | *18-3* | Incident Scene Photo: close-up of pen on west roadway of 99 Freeway (S/B) with evidence marker #1, 01/09/07 night | | |
| 13. | *18-4* | Incident Scene Photo: west embankment, curb, emergency lane, evidence marker #1, and patrol car and unidentified person on 99 Freeway (S/B), 01/09/07 night | | |

28

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 14. | *18-5* | Incident Scene Photo: west embankment, curb, emergency lane, evidence marker #1 and evidence marker #2, and patrol car and unidentified person on 99 Freeway (S/B), 01/09/07 night | | |
| 15. | *18-6* | Incident Scene Photo: wider angle west embankment, curb, emergency lane, evidence marker #1 and evidence marker #2, and patrol car and unidentified person on 99 Freeway (S/B), south of overpass, 01/09/07 night | | |
| 16. | *18-7* | Incident Scene Photo: wider angle west embankment, curb, emergency lane, evidence marker #1 and evidence marker #2, and patrol car and unidentified person on 99 Freeway (S/B), south of overpass, showing overpass and street light, 01/09/07 night | | |
| 17. | *18-8* | Incident Scene Photo: close-up of curb and west embankment on 99 Freway (S/B) with evidence marker #2, 01/09/07 night | | |
| 18. | *18-9* | Incident Scene Photo: Union Bank of California on Kern Street, near F Street, building front view, 01/09/07 night | | |
| 19. | *18-10* | Incident Scene Photo: Union Bank of California on Kern Street, near F Street, building side view with sidewalk, 01/09/07 night | | |
| 20. | *18-11* | Incident Scene Photo: Union Bank of California on Kern Street, near F Street, building side view with sidewalk, alternate view, 01/09/07 night | | |
| 21. | *18-12* | Incident Scene Photo: on top of Kern Street overpass of 99 Freeway, wide angle, 01/09/07 night | | |

29

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 22. | 18-13 | Incident Scene Photo: on top of Kern Street overpass of 99 Freeway, wide angle reverse view, 01/09/07 night | | |
| 23. | 18-14 | Incident Scene Photo: on top of Kern Street overpass of 99 Freeway, fence adjacent to embankment, 01/09/07 night | | |
| 24. | 18-15 | Incident Scene Photo: on top of Kern Street overpass of 99 Freeway, fence adjacent to embankment, alternate angle, 01/09/07 night | | |
| 25. | 18-16 | Incident Scene Photo: on top of Kern Street overpass of 99 Freeway, close-up of fence adjacent to east embankment, 01/09/07 night | | |
| 26. | 18-17 | Incident Scene Photo: on top of Kern Street overpass of 99 Freeway, looking down embankment from top of overpass, 01/09/07 night | | |
| 27. | 18-18 | Incident Scene Photo: miscellaneous foilage close up, 01/09/07 night | | |
| 28. | 18-19 | Incident Scene Photo: wider angle of curb and west embankment on 99 Freeway (S/B) with evidence marker #2, S/B POV from under overpass, 01/09/07 night | | |
| 29. | 18-20 | Incident Scene Photo: close-up of red box first aid kit on embankment of 99 Freeway, 01/09/07 night | | |
| 30. | 18-21 | Incident Scene Photo: lateral view of 99 Freeway lanes with center divider, side view, 01/09/07 night | | |
| 31. | 18-22 | Autopsy Photo: marker re in custody death 07-2381, 01/14/07, 0910 (pre-autopsy) | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 32. | *18-23* | Autopsy Photo: Pedro Madrid, view of left side of entire body, wide angle, 01/14/07 | | |
| 33. | *18-24* | Autopsy Photo: Pedro Madrid, view of right side of body from thigh up, 01/14/07 | | |
| 34. | *18-25* | Autopsy Photo: Pedro Madrid, view of right side of body from thigh down, 01/14/07 | | |
| 35. | *18-26* | Autopsy Photo: Pedro Madrid, close-up view of face with breathing tube and tape, 01/14/07 | | |
| 36. | *18-27* | Autopsy Photo: Pedro Madrid, close-up view of face without breathing tube/tape, 01/14/07 | | |
| 37. | *18-28* | Autopsy Photo: Pedro Madrid, wide view of back, 01/14/07 | | |
| 38. | *18-29* | Autopsy Photo: Pedro Madrid, wide view of mid-back and buttocks, 01/14/07 | | |
| 39. | *18-30* | Autopsy Photo: Pedro Madrid, wide view of buttocks and legs, 01/14/07 | | |
| 40. | *18-31* | Autopsy Photo: Pedro Madrid, close-up view of left-side of chest at collarbone, 01/14/07 | | |
| 41. | *18-32* | Autopsy Photo: Pedro Madrid, close-up view of left side of face and forehead, 01/14/07 | | |
| 42. | *18-33* | Autopsy Photo: Pedro Madrid, close-up view of left forearm and front mid-section, 01/14/07 | | |
| 43. | *18-34* | Autopsy Photo: Pedro Madrid, close-up view of left hand and wrist, 01/14/07 | | |
| 44. | *18-35* | Autopsy Photo: Pedro Madrid, close-up view of left wrist, 01/14/07 | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 45. | 18-36 | Autopsy Photo: Pedro Madrid, wide view of left elbow and left forearm, 01/14/07 | | |
| 46. | 18-37 | Autopsy Photo: Pedro Madrid, close-up view of left elbow, 01/14/07 | | |
| 47. | 18-38 | Autopsy Photo: Pedro Madrid, front view of legs from thigh down, from left, 01/14/07 | | |
| 48. | 18-39 | Autopsy Photo: Pedro Madrid, right foot with toe tag, 01/14/07 | | |
| 49. | 18-40 | Autopsy Photo: Pedro Madrid, left foot, 01/14/07 | | |
| 50. | 18-41 | Autopsy Photo: Pedro Madrid, front view of legs from thigh down, from right, 01/14/07 | | |
| 51. | 18-42 | Autopsy Photo: Pedro Madrid, wide view of right side of torso, right arm and genitals, 01/14/07 | | |
| 52. | 18-43 | Autopsy Photo: Pedro Madrid, close-up view of right side of rib cage with ECD contact marks, 01/14/07 | | |
| 53. | 18-44 | Autopsy Photo: TASER X-26 model electronic control device (ECD) on table, 01/14/07 | | |
| 54. | 18-45 | Autopsy Photo: TASER X-26 model ECD aligned view of right side of rib cage with ECD contact marks, close up, 01/14/07 | | |
| 55. | 18-46 | Autopsy Photo: TASER X-26 model ECD aligned view of right side of rib cage with ECD contact marks, wider angle, 01/14/07 | | |
| 56. | 18-47 | Autopsy Photo: TASER X-26 model ECD, rear view, 01/14/07 | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 57. | 18-48 | Autopsy Photo: Pedro Madrid, close-up of left side of back, 01/14/07 | | |
| 58. | 18-49 | Autopsy Photo: Pedro Madrid, close-up of left shoulder from back with ECD contact marks, 01/14/07 | | |
| 59. | 18-50 | Autopsy Photo: Pedro Madrid, extreme close-up of left shoulder from back with ECD contact marks, 01/14/07 | | |
| 60. | 18-80 | Officer Photos: marker re in custody death 7-2381, 01/09/07 | | |
| 61. | 18-81 | Officer Photos: Justin Bell, front, 01/09/07 | | |
| 62. | 18-82 | Officer Photos: Justin Bell, left, 01/09/07 | | |
| 63. | 18-83 | Officer Photos: Justin Bell, right, 01/09/07 | | |
| 64. | 18-84 | Officer Photos: Justin Bell, back, 01/09/07 | | |
| 65. | 18-85 | Officer Photos: Ronnie Pack, front, 01/09/07 | | |
| 66. | 18-86 | Officer Photos: Ronnie Pack, left, 01/09/07 | | |
| 67. | 18-87 | Officer Photos: Ronnie Pack, right, 01/09/07 | | |
| 68. | 18-88 | Officer Photos: Ronnie Pack, back, 01/09/07 | | |
| 69. | 18-89 | Officer Photos: Frank Mendoza, front, 01/09/07 | | |
| 70. | 18-90 | Officer Photos: Frank Mendoza, right, 01/09/07 | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 71. | 18-91 | Officer Photos: Frank Mendoza, left, 01/09/07 | | |
| 72. | 18-92 | Officer Photos: Frank Mendoza, rear, 01/09/07 | | |
| 73. | 18-93 | Officer Photos: Dominic Alvarado, front, 01/09/07 | | |
| 74. | 18-94 | Officer Photos: Dominic Alvarado, left, 01/09/07 | | |
| 75. | 18-95 | Officer Photos: Dominic Alvarado, right, 01/09/07 | | |
| 76. | 18-96 | Officer Photos: Dominic Alvarado, rear, 01/09/07 | | |
| 77. | 18-97 | Officer Photos: Amber Timoine-Mendoza, front, 01/09/07 | | |
| 78. | 18-98 | Officer Photos: Amber Timoine-Mendoza, left, 01/09/07 | | |
| 79. | 18-99 | Officer Photos: Amber Timoine-Mendoza, right, 01/09/07 | | |
| 80. | 18-100 | Officer Photos: Amber Timoine-Mendoza, rear, 01/09/07 | | |
| 81. | 18-101 | Officer Photos: Juan Gurrola, front, 01/09/07 | | |
| 82. | 18-102 | Officer Photos: Juan Gurrola, left, 01/09/07 | | |
| 83. | 18-103 | Officer Photos: Juan Gurrola, right, 01/09/07 | | |
| 84. | 18-104 | Officer Photos: Juan Gurrola, rear, 01/09/07 | | |
| 85. | 18-105 | Officer Photos: Monty Lewis, front, 01/09/07 | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 86. | 18-106 | Officer Photos: Monty Lewis, right, 01/09/07 | | |
| 87. | 18-107 | Officer Photos: Monty Lewis, left, 01/09/07 | | |
| 88. | 18-108 | Officer Photos: Monty Lewis, rear, 01/09/07 | | |
| 89. | 18-109 | Officer Photos: David Lambert, front, 01/09/07 | | |
| 90. | 18-110 | Officer Photos: David Lambert, left, 01/09/07 | | |
| 91. | 18-111 | Officer Photos: David Lambert, right, 01/09/07 | | |
| 92. | 18-112 | Officer Photos: David Lambert, rear, 01/09/07 | | |
| 93. | 18-113 | Officer Photos: Officer Michael Hansen, front, 01/09/07 | | |
| 94. | 18-114 | Officer Photos: Officer Michael Hansen, left, 01/09/07 | | |
| 95. | 18-115 | Officer Photos: Officer Michael Hansen, right, 01/09/07 | | |
| 96. | 18-116 | Officer Photos: Officer Michael Hansen, rear, 01/09/07 | | |
| 97. | 18-117 | Officer Photos: Brad Bailey, front, 01/09/07 | | |
| 98. | 18-118 | Officer Photos: Brad Bailey, left, 01/09/07 | | |
| 99. | 18-119 | Officer Photos: Brad Bailey, right, 01/09/07 | | |
| 100. | 18-120 | Officer Photos: Brad Bailey, rear, 01/09/07 | | |
| 101. | 18-121 | Officer Photos: George Valdez, front, 01/09/07 | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 102. | *18-122* | Officer Photos: George Valdez, left, 01/09/07 | | |
| 103. | *18-123* | Officer Photos: George Valdez, right, 01/09/07 | | |
| 104. | *18-124* | Officer Photos: George Valdez, rear, 01/09/07 | | |
| 105. | *19* | Records from American Ambulance, 01/09/07 | | |
| 106. | *20* | TASER Downloads Serial No. X00-173191 Model X26 Report Generated: 10/21/09 | | |
| 107. | *21* | Fresno Police Department Crime Scene Log Report No. 07-2381 Date of Report: 01/09/07<br><br>*Δ OBJECTS: Relevance* | | |
| 108. | *22* | Fresno Police Department Supplement Law Enforcement Report Form Event 07AA9992 Case No. 07-002381 Created on 09/18/09 by Officer Burrow, Michael<br><br>re Digital Photographs of the Scene | | |
| 109. | *23* | Fresno Police Department Supplement Law Enforcement Report Form Event 07AA9992 Case No. 07-002381 Created on 09/23/09 by Officer Burrow, Michael<br><br>re: Digital Aerial Photographs of the Scene | | |

36

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 110. | 25 | Fresno Police Department Officer Involved Shooting and In Custody Death Notification dated 01/09/07<br><br>(**NOTE**: redacted for officers' personal contact info) | | |
| 111. | 26 | Fresno Police Department Follow Up Report dated 01/04/07 Case No. 07-2381 Reporting Officer - Detective Mark Yee Type of Report - Additional information | | |
| 112. | 27 | Fresno Police Department Follow Up Report dated 01/09/07 Case No. 07-2381 Reporting Officer C. Fern Type of Report - Follow Up | | |
| 113. | 28 | Fresno Police Department Diagram dated 01/09/07 Reporting Officer Detective D.S. Durham Case No. 07-2381 Diagram of Kern St. Overpass (Not to Scale) | | |
| 114. | 29 | Officer written interview notes re: fight between Pedro Madrid and Santos Arambe on 01/08/07<br><br>Reported by Officer N. Carr and B. Finley | | |
| 115. | 30 | Fresno Police Department Property and Evidence Report dated 01/08/07 Booking Officer - Pack, Ronnie Suspect - Pedro Madrid Agency No. 072381 | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 116. | 31 | California Highway Patrol Centralized CAD Journaling System dated 01/08/07<br><br>Completed Incident Search | | |
| 117. | 32 | Fresno Sheriff's Department Booking photo of Pedro Carlos Madrid<br>Booking No. FPD 129656<br>Arrest date - 12/13/06 | | |
| 118. | 33 | Pedro Carlos  Madrid - Rap Sheet Criminal History Report dated 01/09/07 | | |
| 119. | 34 | Pedro Carlos Madrid - DMV Record<br>dated 01/09/07 | | |
| 120. | 35 | Fresno Police Department - Master Name Summary - Pedro C. Madrid | | |
| 121. | 36 | Pete Madrid 216241<br>2005 Probation information<br>Probation Officer Lori Tarazon | | |
| 122. | 37 | Fresno Police Department - Event Report dated 01/09/07<br>re: Argument between suspects Arambe, Santos and Madrid, Pedro<br>Event 07-AA9838 | | |
| 123. | 38 | Fresno Police Department - Event Report dated 01/09/07<br><br>Event 07-AA9992 | | |
| 124. | 45 | Transcript of Witness Interview of **Sgt. M. Maguire** by Detective Villalvazo and Detective Yee<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 125. | *46* | Transcript of Witness Interview of **Officer Ron Pack** by Detectives Villalvazo and Detective Yee taken at 0703 hours<br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 126. | *47* | Transcript of Witness Interview of **Officer Mike Hansen** by Detective Villalvazo and Detective Yee taken 1723 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 127. | *48* | Transcript of Witness Interview of **Officer David Lambert** by Detective Villalvazo and Detective Yee taken at 0745 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 128. | *49* | Transcript of Witness Interview of **Sgt. Richard N. DeJong** by Detective Villalvazo and Detective Yee taken at 0809 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 129. | 50 | Transcript of Witness Interview of **Officer Gene Johnson** by Detective Villalvazo and Detective Yee taken at 0835 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 130. | 51 | Transcript of Witness Interview of **Officer Bradley Matthew Bailey** by Detective Villalvazo and Detective Yee taken at 0857 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 131. | 52 | Transcript of Witness Interview of **Officer Amber Tumoine-Mendoza** by Detective Villalvazo and Detective Yee taken at 0925 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 132. | 53 | Transcript of Witness Interview of **Officer Nathan Carr** by Detective Villalvazo and Detective Yee taken at 0944 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 133. | 54 | Transcript of Witness Interview of **Officer Nick El-Helou** by Detective Villalvazo and DetectiveYee taken at 0953 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 134. | 55 | Transcript of Witness Interview of **Officer Bernard Finley** by Detective Villalvazo and Detective Yee taken at 1002 hours on 01/09<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 135. | 56 | Transcript of Witness Interview of **Officer Francisco Mendoza** by Detective Villalvazo and Detective Yee taken 01/09/07 at 1233 hours<br><br>Also present Marshall Hodgkins<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 136. | 57 | Transcript of Witness Interview of **Officer Dominic Joaquin Alvarado** by Detective Villalvazo and Detective Yee taken at 1307 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 137. | 58 | Transcript of Witness Interview of **Officer J. Gurrola** by Detective Villalvazo and Detective Yee taken at 1343 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 138. | 59 | Transcript of Witness Interview of **Officer Justin Bell** by Detective Villalvazo and Detective Yee taken at 1404 hours<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 139. | 60 | Transcript of Interview of **Officer Monty Lewis** by Detective Villalvazo and Detective Yee taken @ 2:34 hours<br><br>Present also Rep. Marshall Hodgkins.<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 140. | 61 | Transcript of Witness Interview of **Officer Dusten Dimmer** (erroneously named as Dustin Dimer) by Detective Villalvazo and Detective Castellanos also present Sgt. Maxfield, CHP<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 141. | 62 | Transcript of Witness Interview of **FF Frank Silva, Fresno Fire Department** by Detective Villalvazo and Detective Yee taken @ 4:31 pm Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 142. | 63 | Transcript of Witness Interview of **FF Eric Hanson, Fresno Fire Department** by Detectives Villalvazo and Detective Yee taken @ 3:57 pm<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 143. | 64 | Transcript of Witness Interview of **Christopher Rocca, Fresno Fire Department** by Detectives Villalvazo and Detective Yee taken @ 4:16 pm<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 144. | 65 | Transcript of Interview of **Captain Timothy Pilegard, Fresno Fire Department** by Detectives Villalvazo, Detective Yee, Senior Investigator Ben Castellanos (DA's off.) and Senior Investigator Jody O'Neil (DA's off.) taken on 1/17/07 @ 3:44 pm<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 145. | *66* | Transcript of Witness Interview of **Officer Mike Hansen** by Detectives Villalvazo and Detective Yee taken @ 1723 hours.<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 146. | *67* | Transcript of Interview of **Officer George Valdez** by Detective Villalvazo and Detective Yee taken on 1/9/07 @ 1153. Also present Representative Marshall Hodgkins.<br><br>Case No. 07-2381<br><br>*Δ OBJECTS: HEARSAY, UNDUE PREJUDICE; SUBJECT TO Δ'S MIL NO. 5* | | |
| 147. | *68* | Fresno Regional Skills Training Center Use of Force Update CNN: 1520-21185 Expanded Outline | | |
| 148. | *69* | Electronic Weapons Operator Course – Course Outline | | |
| 149. | *72* | Fresno Police Department Individual Training Activity for: Officer Justin D. Bell dated 11/03/09 | | |
| 150. | *73* | Fresno Police Department Individual Training Activity for: Officer Juan S. Gurrola dated 11/03/09 | | |
| 151. | *74* | Fresno Police Department Individual Training Activity for: Officer Monty R. Lewis, Jr. dated 11/03/09 | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 152. | 75 | Fresno Police Department Individual Training Activity for: Officer Francisco D. Mendoza dated 11/03/09 | | |
| 153. | 76 | Fresno Police Department Individual Training Activity for: Officer Ronnie Pack dated 11/03/09 | | |
| 154. | 78 | Fresno Police Department Individual Training Activity for: Officer George Valdez dated 11/03/09 | | |
| 155. | 80 | Fresno Police Department Standing Order 2.5.2 Chapter - General Rules of Conduct Topic - Use of Force dated 03/15/06 | | |
| 156. | 81 | Fresno Police Department Standing Order 2.5.8 Chapter - General Rules of Conduct Topic - Electro Muscular Disruption Devices dated 06/16/06 | | |
| 157. | 82 | Fresno Police Department Standing Order 2.5.10 Chapter: General Rules of Conduct Topic: Force Options & Training dated 11/15/06 | | |
| 158. | 83 | Fresno Police Department Standing Order 2.8.1 Chapter - Personal Equipment Topic - Issued and Optional Equipment dated 04/08/05 | | |
| 159. | 84 | Fresno Police Department Standing Order 3.5.1 Chapter - Drug Procedures Topic - Drug Influence Cases dated 10/01/94 | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 160. | *85* | Fresno Police Department Standing Order 3.7.1 Chapter - Arrest Procedures Topic - Handling Adult Offenders dated 03/22/05 | | |
| 161. | *86* | Fresno Police Department Standing Order 3.8.6 Chapter - Specific Incident Procedures Topic - Mentally Ill Persons and Emergency Commitments dated 03/21/02 | | |
| 162. | *87* | Fresno Police Department Standing Order 3.9.16 Chapter - Report Completion Procedures Topic - Application for Evaluation and Treatment dated 10/01/94 | | |
| 163. | *88* | Fresno Police Department Roll Call Training Bulletin re: New WIC 5150 Legislation - Bulletin # 02-04 dated 02/28/02 | | |
| 164. | *89* | Fresno Police Department Roll Call Training Bulletin re: Positional Asphyxia Legislation - Bulletin #99-14 dated 08/20/99 | | |
| 165. | *90* | CD of Pedro Madrid X-rays from Community Regional Medical Center | | |
| 166. | *91* | Records from Community Regional Medical Center re: Pedro C. Madrid dated 02/13/02 - 01/09/07 | | |
| 167. | *92* | Billing from Community Regional Medical Center re: Pedro C. Madrid Statement date 01/18/07 | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 168. | 93 | Records from American Ambulance re: Pedro C. Madrid dated 01/09/07 | | |
| 169. | 95 | Fresno Police Department Follow Up Report Case No. 07-2381 Type of Report - In Custody Death dated 01/09/07 | | |
| 170. | 107 | CD of Officer Interview Recordings, January 2007 *Δ OBJECTS: HEARSAY, UNDUE PREJUDICE* | | |
| 171. | 108 | CD of Radio Traffic, 01/09/07 | | |
| 172. | 109 | Records subpoena to Fresno Rescue Mission - All records re Pedro Madrid destroyed. dated 08/27/10 | | |
| 173. | 110 | Photo of a Hobble approximately 3 feet long | | |
| 174. | 18-55 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, left view of open chest, 01/14/07 *Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 175. | 18-56 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, left view of open abdomen and thighs, with genitals, 01/14/07 *Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 176. | *18-57* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, left view of open thighs and shins with genitals, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 177. | *18-58* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, right view of open chest, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 178. | *18-59* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, right view of open thighs with genitals, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 179. | *18-60* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, right view of open thighs and shins, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 180. | *18-61* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open back, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---------|-----------|--------------------|-----------------------------|---------------|
| 181. | 18-62 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open back and thighs with buttocks, 01/14/07 Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |
| 182. | 18-63 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of back of thighs and calves, 01/14/07 Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |
| 183. | 18-64 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open back from left side, 01/14/07 Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |
| 184. | 18-65 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open back and thighs from left side, 01/14/07 Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |
| 185. | 18-66 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open calves, 01/14/07 Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 186. | *18-67* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open back looking from top of head, 01/14/07 *Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 187. | *18-68* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open chest and internal organs, left view, 01/14/07 *Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 188. | *18-69* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open chest and internal organs, right view, 01/14/07 *Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 189. | *18-70* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of open chest and internal organs, right view, close-up, 01/14/07 *Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 190. | *18-71* | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, top view skull during removal, 01/14/07 *Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 191. | 18-72 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, side view skull during removal, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 192. | 18-73 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, alternate side view skull during removal, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 193. | 18-74 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, side view skull during removal, with muscle showing, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 194. | 18-75 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, alternate side view skull during removal, with muscle showing, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |
| 195. | 18-76 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of brain, 01/14/07<br><br>*Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT* | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 196. | 18-77 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, removal of brain, 01/14/07<br><br>Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |
| 197. | 18-78 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, view of muscles of torso, 01/14/07<br><br>Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |
| 198. | 18-79 | Autopsy Photo: POST-AUTOPSY, Pedro Madrid, close-up of organ, possibly genitalia, 01/14/07<br><br>Δ OBJECTS: UNDUE PREJUDICE UNDER FED. R. EVID. 403; IRRELEVANT | | |
| 199. | | [reserved for future use] | | |
| 200. | | [reserved for future use] | | |
| | | Plaintiffs anticipate using exhibits 1 through 198 listed in Defendants' Pre-Trial Statement in addition to exhibits listed as follows: | | |
| 201 | | Records of Pedro Madrid from University Medical Center | | |
| 202 | | "Streamlight" Alum. Flashlight from Officer M. Lewis, Property No. 072381-6 | | |
| 203 | | "TASER" STUN DEVICE Serial Number X00-173191 from Officer M. Lewis, Property No. 072381-7 | | |
| 204 | | Family Photographs | | |
| 205 | | Family written statements | | |

| Ex. No. | Tab-ID No. | Exhibit Description | Date Entered & Ct. I.D. No. | Date Admitted |
|---|---|---|---|---|
| 206 | | Autopsy photographs of Pedro Madrid | | |
| 207 | | California POST Learning Domains | | |
| 208 | | California POST Learning Domains 1: "Leadership, Professionalism, and Ethics." | | |
| 209 | | California POST Learning Domains #2: "Criminal Justice System." | | |
| 210 | | California POST Learning Domains #3: "Policing in the Community." | | |
| 211 | | California POST Learning Domains #5: "Introduction to Criminal Law." | | |
| 212 | | California POST Learning Domains #12: "Controlled Substances." | | |
| 213 | | California POST Learning Domains #20: "Use of Force." | | |
| 214 | | California POST Learning Domains #1: "Patrol Techniques." | | |
| 215 | | California POST Learning Domains #33: "Arrest Methods Defensive Tactics." | | |
| 216 | | California POST Learning Domains #34: "first Aid and CPR." | | |
| 217 | | Braidwoord Commission (Canada), "Restoring Public Confidence: Restricting the Use of "Conducted Energy Weapons in British Columbia," June 2009. | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 218 | | Andrew J. Dennis and et al., "Acute Effects of Taser X26 Discharges in a Swine Model." *The Journal of TRAUMA Injury, Infection, and Critical Care*, September 2007. | | |
| 219 | | U.S. Department of Justice, Officer of Community Oriented Policing Services, "Conducted Energy Devices: Development of Standards for Consistency and Guidance."  November, 2006. | | |
| 220 | | LAPD video and training material regarding the deployment and use of the M-26 Taser weapon. | | |
| 221 | | The Los Angeles Police Department Training Bulletin: "In-Custody Deaths." July 1999. | | |
| 222 | | Training Video produced by the Georgia Bureau of Investigation: "Preventing Restraint Asphyxia." | | |
| 223 | | Training Video produced by the New York Police Department: "Best Practices, Positional Asphyxia." | | |
| 224 | | Satellite photographs (via the internet) of the incident scene. | | |
| 225 | | Photographs of the scene, police officers. | | |
| 226 | | Taser International, Inc. Product Warnings | | |
| 227 | | Fresno Police Department color officer, scene, and autopsy photos. | | |
| 228 | | Fresno Police Department Restricted Cover Sheet. | | |
| 229 | | Electronic Weapons Operator Course. | | |
| 230 | | "Community Regional Medical Center" records. | | |

| Ex. No. | Tab-ID No. | *Exhibit Description* | *Date Entered & Ct. I.D. No.* | *Date Admitted* |
|---|---|---|---|---|
| 231 | | City of Frsno - General Claims Notes (03/25/08). | | |
| 232 | | Fresno Police Department Individual Training Activity Ofcr. Dominic Alvarado. | | |
| 233 | | Fresno Police Department Individual Training Activity Ofcr. Bradley Bailey. | | |
| 234 | | Fresno Police Department Individual Training Activity Ofcr. Derek Scott. | | |
| 235 | | Fresno Police Department Individual Training Activity Det. Rafael Villavazo. | | |
| | | | | |

## XI.   DISCOVERY DOCUMENTS

Only specifically designated discovery requests and responses will be admitted into evidence.  Any deposition testimony shall be designated by page and line and such designations filed with the Court on or before March 29, 2011. The opposing party shall counter-designate by line and page from the same deposition and shall file written objections to any question and answer designated by the opposing party and filed with the court on or before April 5, 2011.

Written discovery shall be identified by number of the request.  The proponent shall lodge the original discovery request and verified response with the courtroom deputy one day prior to trial.  The discovery request and response may either be read into evidence, or typed separately, marked as an exhibit, as

part of the exhibit marking process, and offered into evidence.

1.    The parties designate the entire transcripts from all depositions taken in this matter for potential impeachment purposes.  The parties designate all interrogatory responses and requested admissions made in this matter for potential impeachment purposes.  Aside from impeachment, the parties do not anticipate offering discovery documents into evidence.

**XII.    STIPULATIONS**

1.    The parties stipulate to the aforementioned undisputed facts.  However, nothing in this statement should be construed as a stipulation as to the *admissibility* of any of the undisputed facts, nor as a stipulation as to the *admissibility* of the testimony of any of the aforementioned witnesses or exhibits.

**XIII.    AMENDMENTS - DISMISSALS**

1.    Defendants oppose any amendments which would add parties to this action.

2.    Furthermore, in light of the Court's grant of partial summary judgment, defendants City of Fresno and Chief Jerry Dyer are ORDERED DISMISSED from this action.

**XIV.    FURTHER TRIAL PREPARATION**

A.    <u>Trial Briefs.</u>

Counsel are directed to file a trial brief in this matter by April 5, 2011.  No extended preliminary statement of facts is required.  The brief should address disputed issues of substantive law, disputed evidentiary issues of law that will not be resolved <u>in</u> <u>limine</u>, and any other areas of dispute that will require resolution by reference to legal authority.

*///*

56

**B.    Duty of Counsel To Pre-Mark Exhibits**.

1.    Counsel for the parties are ordered to meet and conduct a joint exhibit conference on March 21, 2011, telephonically, at a time to be agreed upon by all counsel, for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list.  All joint exhibits will be pre-marked JX1-JX100; all of the plaintiff's exhibits will be pre-marked with numbers 101-300; all of defendant's exhibits will be pre-marked with numbers 301-500.

2.    Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

3.    Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

        a.    Two (2) sets to be delivered to the Courtroom Deputy Clerk, Renee Gaumnitz, no later than 4:00 p.m. on April 6, 2011, an original for the court and one for the witness.

        b.    One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own use.

4.    Counsel are to confer to make the following determination as to each of the exhibits proposed to be introduced into evidence and prepare separate indexes, one listing joint exhibits, one listing each party's exhibits:

        a.    Joint exhibits, i.e., any document which both sides desire to introduce into evidence, will be marked as a

joint exhibit (JX), and numbered JX1-___.   Joint exhibits shall
be listed as such in the exhibit list in a column that notes they
are admitted into evidence without further foundation;

        b.   As to any exhibit, not a joint exhibit, to which
there is no objection to its introduction into evidence, the
exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's
Exhibit ___ in evidence, and will be listed in the exhibit list
as the exhibit of the offering party;

        c.   The exhibit list shall include columns for noting
objections to exhibits.   The first column will list any
objections as to foundation; i.e., Plaintiff's Foundation 2 –
"not authenticated."

        d.   The exhibit list shall include a second column for
noting substantive objections to exhibits based on any other
grounds; i.e., "hearsay, improper opinion, irrelevant."

        e.   The exhibit list shall include a description of
each exhibit on the left-hand side of the page, and the three
columns outlined above (as shown in the example below).

List of Exhibits

| Exhibit # | Description | Admitted In Evidence | Objection To Foundation | Other Objection |
|-----------|-------------|----------------------|-------------------------|-----------------|
|           |             |                      |                         |                 |
|           |             |                      |                         |                 |

        f.   The completed exhibit list shall be delivered to
Renee Gaumnitz CRD on or before April 6, 2011, by 4:00 p.m.

        g.   If originals of exhibits cannot be located, copies
may be used, however, the copies must be legible and accurate.
If any document is offered into evidence that is partially not

58

1  legible, the Court sua sponte will exclude it from evidence.

2  C.  Discovery Documents.

3      1.  Counsel shall file a list of discovery documents with

4  Renee Gaumnitz CRD at the same time and date as the witness and

5  exhibit lists are lodged with her, unless the discovery documents

6  are marked as exhibits, which counsel intend to use at trial by

7  designating by number, the specific interrogatory, request for

8  admission, or other discovery document.  Counsel shall comply

9  with the directions of subsection XII (above) for introduction of

10  the discovery document into evidence.

11  D.  Motions In Limine.

12      1.  All motions in limine have already been filed.  Any

13  further motions in limine shall be filed on or before March 21,

14  2011.  Any oppositions shall be filed by April 1, 2011.  The

15  Court will conduct a hearing on motions in limine in this matter

16  on April 6, 2011, at 12:00 p.m. in Courtroom 3, Seventh Floor,

17  before the Honorable Oliver W. Wanger United States District

18  Judge, at which time all evidentiary objections, to the extent

19  possible, will be ruled upon, and all other matters pertaining to

20  the conduct of the trial will be settled.

21  E.  Trial Documents.

22      1.  Exhibits To Be Used With Witness.  During the trial of

23  the case, it will be the obligation of counsel to provide

24  opposing counsel not less than forty-eight hours before the

25  witness is called to the witness stand, the name of the witness

26  who will be called to testify and to identify to the Court and

27  opposing counsel any exhibit which is to be introduced into

28  evidence through such witness that has not previously been

admitted by stipulation or court order or otherwise ruled upon, and to identify all exhibits and other material that will be referred to in questioning of each witness.   If evidentiary problems are anticipated, the parties must notify the court at least twenty-four hours before the evidence will be presented.

F.   Counsel's Duty To Aid Court In Jury Voir Dire.

1.   Counsel shall submit proposed voir dire questions, if any, to Renee Gaumnitz CRD at rgaumnitz@caed.uscourts.gov on or before April 4, 2011, by 4:00 p.m.  Counsel shall also prepare a joint "statement of the case" which shall be a neutral statement, describing the claims and defenses for prospective jurors, to be used in voir dire.

2.   In order to aid the court in the proper voir dire examination of the prospective jurors, counsel are directed to lodge with the Court the day before trial a list of the prospective witnesses they expect to call if different from the list of witnesses contained in the Pre-Trial Order of the Court. Such list shall not only contain the names of the witnesses, but their business or home address to the extent known.   This does not excuse any failure to list all witnesses in the Pre-Trial Order.

3.   Counsel shall jointly submit, to Renee Gaumnitz CRD on April 6, 2011, a neutral statement of the claims and defenses of the parties for use by the court in voir dire.

G.   Counsel's Duty To Prepare And Submit Jury Instructions.

1.   All proposed jury instructions shall be filed and served on or before April 11, 2011, by 4:00 p.m.   Jury instructions shall be submitted in the following format.

2.    Proposed jury instructions, including verdict forms, shall be submitted via e-mail to dpell@caed.uscourts.gov formatted in WordPerfect for Windows X3.  Counsel shall be informed on all legal issues involved in the case.

3.    The parties are required to jointly submit one set of agreed upon jury instructions.  To accomplish this, the parties shall serve their proposed instructions upon the other fourteen days prior to trial.  The parties shall then meet, confer, and submit to the Court the Friday before the trial is to commence, one complete set of agreed-upon jury instructions.

4.    If the parties cannot agree upon any instruction, they shall submit a supplemental set of instructions designated as not agreed upon by April 11, 2011, by 4:00 p.m.

5.    Each party shall file with the jury instructions any objection to non-agreed upon instructions proposed by any other party.  All objections shall be in writing and shall set forth the proposed instruction objected to in its entirety.  The objection should specifically set forth the objectionable matter in the proposed instruction and shall include a citation to legal authority explaining the grounds for the objection and why the instruction is improper.  A concise statement of argument concerning the instruction may be included.  Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

6.    Format.  The parties shall submit one copy of each instruction.  The copy shall indicate the party submitting the instruction, the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter,

the test of the instruction, the legal authority supporting the instruction, and a legend in the lower lefthand corner of the instruction: "Given," "Given As Modified," "Withdrawn" and "Refused" showing the Court's action with regard to each instruction and an initial line for the judge's initial in the lower right-hand corner of the instruction.  Ninth Circuit Model Jury Instructions should be used where the subject of the instruction is covered by a model instruction.

7.    All instruction should be short, concise, understandable, and neutral statements of the law.  Argumentative or formula instructions will not be given, and should not be submitted.

8.    Parties shall, by italics or underlining, designate any modifications of instructions from statutory authority, or any pattern instruction such as the Model Circuit Jury Instructions or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

9.    Proposed verdict forms shall be jointly submitted or if the verdict forms are unagreed upon, each party shall submit a proposed verdict form.  Verdict forms shall be submitted to the Courtroom Deputy Clerk on the first day of the trial.

10.   Failure to comply with these rules concerning the preparation and submission of instructions and verdict forms may subject the non-complying party and/or its attorneys to sanctions.

///

///

1

2

## XV.   USE OF LAPTOP COMPUTERS/POWERPOINT FOR

## PRESENTATION OF EVIDENCE

3      1.   If counsel intends to use a laptop computer for

4  presentation of evidence, they shall <u>contact Renee Gaumnitz CRD</u>

5  <u>at least one week prior to trial</u>.  The Courtroom Deputy Clerk

6  will arrange a time for any attorney to bring any laptop to be

7  presented to someone from the Court's Information Technology

8  Department, who will provide brief training on how the parties'

9  electronic equipment interacts with the court's audio/visual

10 equipment.  If counsel intend to use PowerPoint, the resolution

11 should be set no higher than 1024 x 768 when preparing the

12 presentation.

13     2.   ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND

14 COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL

15 BE REFERRED TO THE COURTROOM DEPUTY CLERK.

16          XVI.   FURTHER DISCOVERY OR MOTIONS

17     1.   All discovery closed in this matter December 6, 2010.

18 [*See* Dkt. Doc. 42.]  At present, the parties see no reason to

19 reopen discovery in this matter.

20     2.   The parties anticipate that the Court will need to

21 consider the following pretrial motions: (1) motions *in limine*,

22 including *Daubert* motions; (2) motions and briefing related to

23 jury instruction or other unanticipated issues.

24               XVII.   SETTLEMENT

25     1.   Defendants will participate in any settlement

26 conference ordered by the Court.  However, plaintiff has not made

27 a settlement demand in this case and defendants have reason to

28 believe that a settlement conference would *not* be helpful in

1  resolving the matter.

2  XVIII.   SEPARATE TRIAL OF ISSUES

3      1.   Defendants have moved for trifurcation of the trial of

4  this matter into three phases: (1) a first phase of trial

5  addressing the issues of whether or not Officers JUAN GURROLA,

6  JUSTIN BELL, MONTY LEWIS, JR., GEORGE VALDEZ, or FRANK MENDOZA

7  (hereafter collectively as the "Officer Defendants") violated any

8  of plaintiff's or decedent Pedro Madrid's constitutional or civil

9  rights during the incident at issue; (2) a second phase of trial

10  addressing the issues of whether the CITY OF FRESNO and/or Chief

11  JERRY DYER (hereafter collectively as the "City Defendants") may

12  be held liable under the case law associated with *Monell v.*

13  *Department of Soc. Serv.*, 436 U.S. 658, 690-691, 694-695 (1978)

14  or *Canton v. Harris*, 489 U.S. 378, 388-389 (1989) (hereafter

15  collectively as "*Monell* Liability Issues"); and (3) a third phase

16  of trial addressing the issues of whether plaintiff is entitled

17  to punitive/exemplary damages and related prerequisite evidence

18  in support thereof.  Along these lines, defendants have moved *in*

19  *limine* to exclude Phase 2 and Phase 3 issues from Phase 1, as

20  well as to exclude Phase 3 issues from Phase 2.

21      2.   There are no *Monell* issues remaining.  The only issues

22  which will be phased is the amount of punitive damages, if any.

23  That issue will be tried in a second phase of a continuous trial

24  before the same jury.

25  XIX.   IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

26      1.   The parties have designated only 5 retained experts in

27  this case: 2 for plaintiff; 3 for defendants.  Defendants have

28  moved to exclude the opinion testimony of both of plaintiff's

64

experts under *Daubert* on grounds of invalid bases/methodology and lack of qualification.  However, there is no need for a specific quota-limit on the number of qualified experts who may testify in this case.

2.   The parties do not anticipate any need for court-appointment of any impartial expert witnesses at this time.

## XX.   ATTORNEYS' FEES

1.   Plaintiff seeks attorneys' fees pursuant to California Civil Code sections 51.7, 52, and 52.1, as well as pursuant to 42 U.S.C. section 1988.  [*See* Pl.'s 1st Am. Compl. at 16, Dkt. Doc. 37.]

2.   Defendants reserve the right to the recovery of any attorneys' fees to which they may be entitled should defendants obtain a judgment in their favor.

## XXI.   ESTIMATE OF TRIAL TIME

1.   Eight to ten days.

## XXII.   TRIAL DATE

1.   April 12, 2011, at 9:00 a.m., in Courtroom 3, on the Seventh Floor.

## XXIII.   NUMBER OF JURORS AND PEREMPTORY CHALLENGES

1.   There will be an eight person jury with four peremptory challenges per side.

## XXIV.   AMENDMENT OF FINAL PRETRIAL ORDER

1.   The Final Pretrial Order shall be reviewed by the parties and any corrections, additions, and deletions shall be drawn to the attention of the Court immediately.  Otherwise, the Final Pretrial Order may only be amended or modified to prevent manifest injustice pursuant to the provisions of Fed. R. Civ. P.

1  16(e).

2                    **XXV.  TRIAL PROTECTIVE ORDER**

3        1.    A protective order regarding confidential documents is

4  already operative in this matter.  [*See* Order, Nov. 12, 2009,

5  Dkt. Doc. 34.]  Additionally, defendants have moved to exclude

6  from evidence and to seal all *transcripts* of investigative

7  interviews conducted by the City during its investigation into

8  the incident at issue in this action.  [*See* Defts.' Mot. *in*

9  *Limine* no. 5, Feb. 10, 2011, Dkt. Doc. 75.]

10                      **XXVI.  MISCELLANEOUS**

11       1.    The parties reserve their right to raise additional

12  issues pursuant to Fed. R. Civ. P. 16(c) at the Pre-Trial

13  Conference of this matter, as appropriate.

14       2.    The provisions of Local Rule 281(c), regarding claims

15  of privilege to disclosures made herein, do not apply to this

16  Statement.

17       3.    Pursuant to Local Rule 281(d), the foregoing

18  disclosures satisfy the requirements of Fed. R. Civ. P. 26(a)(3).

19

20  IT IS SO ORDERED.

21  Dated:  __March 18, 2011__          _____/s/ Oliver W. Wanger_____
22                                      UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

                                   66